IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 22CR392 (DLF) |
| ) | |
| ABU AGILA MOHAMMAD ) | |
| MAS'UD KHEIR AL-MARIMI ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO COURT ORDER**

COMES NOW the defendant, by counsel, Whitney E.C. Minter and Todd M. Richman, Assistant Federal Public Defenders, and submits the following in response to this Court's February 21 Minute Order and the Government's Motion for Clarification and Request for Additional Time [Dkt. No. 89].

There is no objection as to the relief sought in Sections I, II, or III of the government's motion.[1]  As to any phase of trial and any evidentiary proceedings, however, the defense maintains that the Court should implement a more limited method for victims to access proceedings, due to the concerns relating to the integrity of the jury process.  While some risks are lower during the closing argument phase, others remain equally worrisome.  During closing arguments, the case will not yet have been submitted to the jury and the jury will not yet have deliberated or reached a resolution.  Attempts to influence the jury could pose a risk, even as they are

---

[1] Mr. Al-Marimi relies on the representations made by the government in its filing.  Should the circumstances change regarding the capabilities of the Zoom platform, the suitability of any secure location, or the ability of appropriate monitors to supervise the proceedings, Mr. Al-Marimi reserves the right to object at that time.

1

deliberating. And those concerns raised by the Court in *United States v. Moussaoui*,[2] could persist during closing arguments. Permitting the testimony of a witness to be broadcast to the world, even through argument of counsel at closing argument, could affect the evidence. Should the witness feel a need to dramatize or chill their testimony, they may alter their testimony, knowing that it could be subject to broad disclosure at the final argument. Similarly, although the government intends to exclude the jury from the broadcast images, knowing that portions of the trial are less secure than others, could cause concern among the jurors.

The statute here did not grant authority to broadcast any portion of the trial to anyone other than those who qualify as victims. Accordingly, there remains an interest in securing the broadcast proceedings, even after the evidence has been admitted. As discussed in the earlier pleadings in this matter, the government cannot ensure that a hearing viewed unrestricted on Zoom will be viewed only by those who qualify by victims, nor that the proceedings wouldn't be recorded by a third party. Accordingly, all phases of the trial should be treated equally and

---

2   The court found that "audio or visual broadcasting of any portion of these proceedings is likely to intimidate witnesses and jurors, as well as threaten the security of the courtroom and all those involved in the trial." *Id.* at 186. In particular, a "witness' knowledge that his or her face or voice may be forever publicly known and available to anyone in the world" would likely intimidate witnesses, causing some to refuse to testify or withhold their full testimony out of safety concerns or the fear of being ostracized. *Id.* at 187. At the same time, sacrificing juror anonymity would increase the potential for a "popular verdict." *Id.* And "world wide broadcasting . . . would be an open invitation to any trial participant to engage in showmanship or make a public spectacle for the world to see or hear." *Moussaoui,* 205 F.R.D. 183, 186–87 (E.D. Va. 2002).

broadcast only to individuals who qualify as victims at designated secure viewing sites.

Respectfully submitted,

By Counsel,
Geremy C. Kamens,
Federal Public Defender

By: _____/s/_____
Todd M. Richman
Va. Bar #41834
Whitney E.C. Minter
Va. Bar # 47193
Assistant Federal Public Defenders
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia    22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)