**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-cr-392 (DLF)** |
| **v.** | : | |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT REGARDING TRIAL DATE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, by and through undersigned Defense Counsel, hereby respectfully inform the Court as follows:

Since the May 14, 2025, status conference, the parties have discussed the posture of this complex case multiple times, and as a result of those discussions, the parties expect to request that the Court set a trial date of late April 2026. In coming to that recommendation, the parties considered, among other things, the extensive discovery already provided by the government to the defense, limited future discovery productions, the international nature of the evidence and witnesses in the case, and motions that the parties expect to litigate prior to trial. Accordingly, at the June 5, 2025, hearing, the parties expect to jointly request that the Court exclude time under the Speedy Trial Act through the trial date.

Following the June 5, 2025, hearing, the parties will prepare and submit a proposed pretrial schedule that includes dates for the filing of motions, hearings, and other deadlines. Given the complex, international nature of the evidence in this case, that pretrial schedule will have several atypical features, which are summarized below:

*Early Suppression Litigation.*  Both parties expect to request an early deadline for any motions to suppress the defendant's statement.  Given the importance of the statement to the government's case, the parties believe that judicial economy would be served by determining its admissibility as early as reasonably practicable. The parties remain in discussion about the best way to sequence litigation of that motion, as well as any ancillary litigation related to it.

*Rule 15 Depositions.*  The government expects to move for at least three depositions of foreign nationals pursuant to Fed. R. Crim. P. 15.  Each of those potential deponents resides in a different country, and each deposition has the potential to take place outside of the United States. The government intends to prioritize the filing of these Rule 15 motions to permit time—should the Court grant any of those motions—for the government to engage in the necessary negotiations with foreign witnesses and governments about the timing and format of those depositions.  The parties may request that some flexibility be built into the pretrial schedule that they submit after the June 5, 2025, hearing.

*Early Motions in Limine.*  The parties also contemplate requesting an early filing deadline—potentially as early as this summer—for the government to file motions *in limine* on major questions of admissibility, the resolution of which would materially affect the parties' preparation for trial.[1]  Those motions could include, for example, motions related to the government's intent to admit evidence of the April 5, 1986, bombing of the LaBelle Discotheque pursuant to Fed. R. Evid. 404(b), *see* ECF 60, as well as motions to authenticate exhibits and to admit documents under exceptions to the rule against hearsay.  Given the age of many of the documents at issue in this case, as well as the fact that many of the sponsoring witnesses of those documents live outside the United States—and thus outside the Court's subpoena power—having

---

[1]     The parties would reserve the right to file additional motions *in limine* closer to trial.

a ruling on admissibility well in advance of trial would allow the parties to make informed decisions about which witnesses to seek to bring to the United States, as well as which witnesses the parties may seek the Court's approval to depose under Fed. R. Crim. P. 15.[2] For example, if the Court ruled that a given document were admissible pursuant to a certification or some other means of authentication that did not require testimony, the parties would not need to arrange for any such witness to travel to the United States or, in the event of a witness unwilling or unable to travel, they would not need to seek the Court's authorization for a Rule 15 deposition.

*Ongoing Discovery.* The government has made every reasonable effort to substantially complete pretrial discovery of the materials in its custody and control.[3] Given the international scope of the offense and investigation, the evidence includes a substantial volume of materials from other countries. Materials that were obtained by the United States via Mutual Legal Assistance (MLA) request or letters rogatory, or for which the prosecution team has otherwise received permission to use in this case, have been provided to the defense and will continue to be provided on a rolling basis as the government receives them. There are, however, a limited number of additional materials that are within the physical possession of the prosecution team, but that are

---

[2]    Any witnesses the government may seek to depose to authenticate and/or explain documents would be in addition to the three witnesses mentioned in the preceding paragraph. The parties have also had preliminary discussions regarding whether they can agree on a joint proposal to the Court to allow live testimony via videolink on issues such as authentication of documents. If the parties cannot agree on any such proposal (or if the Court rejects it), and if they cannot reach a stipulation, additional international depositions may be required.

[3]    As government counsel noted at the March 12, 2025, status conference, in late 2024, the FBI discovered the existence of additional paper documents that were in a different location and under a different case number than the FBI materials the government had previously disclosed. There were approximately 12,000 such documents, the vast majority of which were from the late 1980s and early 1990s. *See* 3/12/2025 Hr'g Tr. at 23-25. Government counsel's review of those materials is now substantially complete, and the majority of those documents were either work product or cumulative of other materials. The government is now in the process of clearing for disclosure to the defense the remaining subset of these materials.

not within the Government's custody and control because they belong to foreign governments. The government continues to seek the necessary authorization to produce these materials to defense.

Likewise, there are a limited number of documents in the prosecution team's possession that belong to U.S. government agencies other than the FBI. The government continues to engage with those other government agencies to obtain the necessary permissions from the "owner" agencies in order to provide materials to defense.

Finally, the government expects to make several additional filings pursuant to Section Four of the Classified Information Procedures Act. This work is ongoing, and the government has prioritized review and filings with respect to those materials that are most likely to be relevant and helpful to the defense.

*     *     *

We thank the Court for its consideration in this unique case.  As noted above, the parties remain in discussion about the most efficient way to sequence some of these motions and other deadlines.  While the parties do not expect to be in a position to propose a full pretrial litigation schedule on June 5, they expect to be in a position to do so within 21 days of that hearing.  Filing a proposed schedule 21 days after the hearing would allow the parties to draft their proposal with the actual trial date in mind, and it would further allow them to incorporate any insight about the parties' plans that the Court may provide at the June 5, 2025, hearing.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ Whitney C. Minter*
WHITNEY C. MINTER (VA Bar No. 47193)
TODD RICHMAN (VA Bar No. 41834)
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Whitney_minter@fd.org
(703) 600-0800 (main line)

*/s/ Erik Kenerson*
ERIK M. KENERSON (OH Bar No. 82960)
BRITTANY KEIL (D.C. Bar No. 500054)
CONOR MULROE (NY Bar No. 5289640)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys
Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530