**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-cr-392 (DLF)** |
| **v.** | : | |
| | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT IN ADVANCE OF STATUS HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant by and through undersigned Defense Counsel, hereby respectfully inform the Court of matters that should be addressed at any status conference the Court sets in response to the parties request as noted in ECF 166.

TRIAL DATE

A. Defense Update

As previously discussed, the Office of the Federal Public Defender has assigned two additional attorneys to represent Mr. Al-Marimi, after the withdrawal of one of his original counsel. New counsel have been working diligently to become familiar with the facts of the case and the pending legal issues. Counsel endeavored to review the voluminous discovery – over 400,000 documents, to this point – and maintain the current trial date. Over the past weeks, however, it has become clear that it is not possible for Mr. Al-Marimi's attorneys to do so, while simultaneously taking on the numerous filing deadlines, Rule 15 depositions, and anticipated travel in the coming months. Accordingly, the defense would request a status hearing so counsel can

fully advise the Court about the pending scheduling complications and the viability of the current trial date.

B. Government Update

Continuing a trial in a case where the defendant was arraigned nearly three years ago on December 12, 2022, where the defendant has been detained continuously, and where the defendant has been represented throughout by competent defense counsel, is a significant request. The government ask this Court to require defense to file this request in writing and to give the government an opportunity to respond in writing. The government will endeavor to respond in writing on the next business day following its receipt of the defendant's motion. Based on the information and arguments the defense has presented to the government to date, the government plans to oppose any motion to continue the trial date.

JOINT UPDATES

*Additional Rule 15 Depositions* – As the parties have previously noted, the government may seek additional depositions pursuant to Fed. R. Crim. P. 15, beyond the three that it moved for in July. *See* ECF 112 at 3 n.2. The number of the depositions for which the government will seek authorization is dependent on the Court's rulings on the government's motions *in limine* regarding the attack on the La Belle Discotheque and foreign records, *see* ECF 147, 148, and negotiation with the defense regarding potential stipulations.

*Video testimony* – A noted previously, the issue of live testimony via video-link is closely related to that of Rule 15 depositions and to the Court's rulings on the governments pending motions *in limine*. *See* ECF 112 at 3 n.2. The government is prepared to move in the near future to allow testimony in some circumstances via video-link. If the Court allows any testimony to proceed in that fashion, Rule 15 depositions of those witnesses may not be necessary absent other

considerations for those witnesses, such as age or infirmity. Unfortunately, however, age and infirmity are real concerns for many potential witnesses in this 37-year-old case. Witnesses who were healthy and willing to travel to the United States when government counsel first spoke to them have, in some cases, developed health issues that prevent their travel in the future. For any such witness (or any other witnesses whose health follows a similar path), the government may need to seek an additional Rule 15 deposition or request that their testimony be permitted to proceed via live video-link. Should the Court decline to allow video-linked testimony, and should the parties be unable to reach joint stipulations, the government expects to request significantly more Rule 15 depositions than it would if video-linked testimony were not permitted.

[redacted]

[redacted]

[redacted]

*Ongoing Forensic Examinations* – The government expects to receive additional forensic reports related to: (1) comparisons of the defendant's fingerprints to various items of evidence recovered in the case, and (2) handwriting comparisons related to recently discovered documents. Once it received those reports, it will promptly tender them to the defense, along with expert notice if necessary.

*Classified Information Procedures Act* – Based on the information provided by the government to date, the defense expects to provide at least one notice pursuant to CIPA § 5. Such notice could lead to the need for a hearing under CIPA § 6.



[redacted]

Respectfully submitted,

JEANINE F. PIRRO
UNITED STATES ATTORNEY

*__/s/ Whitney E.C. Minter__*
WHITNEY E.C. MINTER (VA Bar No. 47193)
BROOKE S. RUPERT (VA Bar No. 79729)
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Whitney_Minter@fd.org
(703) 600-0800 (telephone)

LAURA KOENIG (Va. Bar No. 86840)
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)

*__/s/ Brittany Keil__*
BRITTANY KEIL (D.C. Bar No. 500054)
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7763
Brittany.Keil@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys
Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530