**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**MR. AL-MARIMI'S MOTION IN LIMINE REGARDING PORTIONS OF MR. AL-MARIMI'S ALLEGED CONFESSION PURSUANT TO FEDERAL RULES OF EVIDENCE 402, 403, 404, 602, AND 802**

In addition to challenging his alleged confession's voluntariness and reliability, Mr. Al-Marimi challenges the admissibility of certain portions of his alleged confession under the Federal Rules of Evidence. Even if the Court were to find that Mr. Al-Marimi's alleged confession was voluntary and reliable, substantial portions of that confession are nonetheless inadmissible under Federal Rules of Evidence 402, 403, 404(b), 602, and 802. Specifically, the alleged confession contains: (1) irrelevant information about Mr. Al-Marimi's personal life and post-2011 activities that have no bearing on the 1988 charges; (2) speculative statements lacking personal knowledge; (3) inadmissible hearsay and hearsay-within-hearsay; and (4) other-act evidence that fails to satisfy Rules 404(b) and 403. For the reasons set forth below, the Court should independently exclude these inadmissible portions of Mr. Al-Marimi's alleged confession.

1

**I.    Portions of Mr. Al-Marimi's alleged confession contain irrelevant information.**

Portions of Mr. Al-Marimi's alleged confession contain personal, private details about his family, Mr. Al-Marimi's property, and activities allegedly carried out after February 2011 that are currently irrelevant to the charges in this case[1]. This irrelevant information is highlighted in pink. *See* Ex. A-1 at 12, 25-26 (which is a color-highlighted version of ECF No. 163 Ex. A). Federal Rule of Evidence 401 defines evidence as relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Any piece of evidence that fails this test under Rule 401 is not relevant under Federal Rule of Evidence 402. *See, e.g., United States v. Doe*, 903 F.2d 16, 20 (D.C. Cir. 1990) (citing 22 C. Wright & K. Graham, *Federal Practice & Procedure* § 5202 at 237 (1978)).

Here, the personal, private details and information about activities carried out after February 2011 of Mr. Al-Marimi's alleged confession that are highlighted in pink do not tend to make any fact of consequence more or less probable. Mr. Al-Marimi is charged with aiding and abetting the destruction of an airplane in 1988. *See* ECF No. 7 (Indictment). There is nothing about the personal, private details

---

[1] It is conceivable that some of the personal, private information that is currently irrelevant to the alleged confession may become relevant as identifying or background information through other witnesses who may testify at trial. At the present time, however, this information is irrelevant as it relates to Mr. Al-Marimi's alleged confession. *See, e.g., United States v. Akers*, 702 F.2d 1145, 1149 (D.C. Cir. 1983) (observing that court can evaluate relevance only on "the basis of the actual testimony at that time").

about Mr. Al-Marimi's family, his property, and activities allegedly carried out after February 2011 that are currently relevant to facts of consequence to the charges in this case. Thus, the Court should exclude the irrelevant information of Mr. Al-Marimi's alleged confession highlighted in pink.

## II.    Portions of Mr. Al-Marimi's alleged confession contain speculation.

Portions of Mr. Al-Marimi's alleged confession contain speculation. These speculative statements are highlighted in green. *See* Ex. A-1 at 18, 22-23, 26. The statements themselves classically indicate speculation. *See* Ex. A-1 at 18 ("maybe"), 22-23 ("I believe", "I don't believe", "maybe"), 26 ("maybe"). Pursuant to Federal Rule of Evidence 602, a witness may testify only "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The purpose of the rule prohibiting speculation is to assure reliability of the evidence presented to the jury. *See, e.g.*, *United States v. Young-Bey*, 2025 WL 660821, at \*18 (D.D.C. Feb. 28, 2025) (citing *United States v. Lemire*, 720 F.2d 1327, 1347 (D.C. Cir. 1983)).

Here, the statements highlighted in green are speculative in nature and not based on personal knowledge. Such statements are not admissible under Federal Rule of Evidence 602. Thus, the Court should exclude the speculative statements of Mr. Al-Marimi's alleged confession highlighted in green.

3

### III. Portions of Mr. Al-Marimi's alleged confession contain inadmissible hearsay.

Portions of Mr. Al-Marimi's alleged confession contain inadmissible hearsay. Pure hearsay statements are highlighted in blue. *See* Ex. A-1 at 16-19. Hearsay statements that are also layered within evidence that is inadmissible under Federal Rules of Evidence 403 and 404(b)[2] are highlighted in gray. *See* Ex. A at 14-15, 20-26. Hearsay is "a statement that . . . the declarant does not make while testifying at the current trial or hearing[] and . . . a party offers in evidence to prove the truth of the matter asserted in the statement". Fed. R. Evid. 801(c). Hearsay statements are not admissible unless permitted by a federal statute, the Federal Rules of Evidence, or some other applicable authority. Fed. R. Evid. 802.

When a statement constitutes "hearsay within hearsay . . . each part of the combined statements" must conform to an exception to the hearsay rule to be admissible. Fed. R. Evid. 805. "Once the Court determines that evidence constitutes hearsay, the burden shifts and the proponent of the hearsay must establish that the challenged evidence satisfies an applicable hearsay exception by a preponderance of the evidence." *United States v. Fuller*, 761 F. Supp. 3d 125, 131-32 (D.D.C. 2025) (citing 30B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6803 (2024 ed.), and *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

---

[2] Inadmissibility under Rules 403 and 404(b) is covered in section IV infra.

4

Here, the blue and gray highlighted statements constitute hearsay within hearsay. First, Mr. Al-Marimi's alleged confession itself is hearsay. Second, presuming that the government seeks to offer Mr. Al-Marimi's alleged confession as an admission by a party-opponent under Federal Rule of Evidence 801(d)(2), the alleged statements of others within the purported confession are statements that "the declarant does not make while testifying at the current trial or hearing". Fed. R. Evid. 801(c)(1). *See* A-1 at 14-26 (blue and gray highlighted statements of others). Third, the relevance of the highlighted statements necessarily depends on the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2); *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) ("A statement is offered to show an effect on the listener only if the listener heard and reacted to the statement, and if the 'actual use' of the statement at trial was to demonstrate the listener's response.") (citations omitted); *Am. President Lines, LLC v. Matson, Inc.*, 775 F. Supp. 3d 379, 404 (D.D.C. 2025) (rejecting effect-on listener argument when the statements' relevance turned on their truth).

Thus, because Mr. Al-Marimi has shown that the blue and gray highlighted statements meet the definition of hearsay under Federal Rule of Evidence 801(c), the burden now shifts to the government to attempt to show that the challenged statements satisfy a hearsay exception. Mr. Al-Marimi expects that the government will be unable to do so in its response.

**IV.    Portions of Mr. Al-Marimi's alleged confession are inadmissible under Federal Rules of Evidence 403 and 404(b).**

Portions of Mr. Al-Marimi's alleged confession are also inadmissible under Federal Rules of Evidence 403 and 404(b). Statements that are inadmissible only under Rules 403 and 404(b) are highlighted in yellow. *See* Ex. A-1 at 14-16, 19-26. Statements that are inadmissible as hearsay as well as pursuant to Rules 403 and 404(b) are highlighted in gray. *See* Ex. A-1 at 14-16, 20-26.

Federal Rule of Evidence 404(b) provides, "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It "is axiomatic that 'a defendant must be tried for what he did, not for who he is[.]'" *United States v. Brown*, 597 F.3d 399, 404 (D.C. Cir. 2010) (quoting *United States v. Linares*, 367 F.3d 941, 945 (D.C. Cir. 2004)). Such evidence "may be admissible for another purpose," however, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Restated, Rule 404(b) "prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case[.]" *Huddleston v. United States*, 485 U.S. 681, 685 (1988).

Courts conduct a multi-step analysis to determine whether Rule 404(b) evidence is properly admitted. *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000); *United States v. Green*, 149 F.4th 733, 752–54 (D.C. Cir. 2025) (breaking

analysis down into three steps: relevance, propensity, and risk of unfair prejudice). The first step focuses on relevance and "requires that the evidence be probative of some material issue other than character."[3] *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994).

As part of the relevance inquiry, courts must consider whether "a reasonable jury could find by a preponderance of the evidence that the defendant, and not someone else, was responsible for the" uncharged conduct. *United States v. Burwell*, 642 F.3d 1062, 1066 (D.C. Cir. 2011), *reh'g en banc granted, judgment vacated* (Oct. 12, 2011), *opinion reinstated and aff'd*, 690 F.3d 500 (D.C. Cir. 2012) (citing *Huddleston*, 485 U.S. at 690). This is so because the relevance of other-act evidence is conditional on the other act connecting to the defendant and the charged crimes in a way that serves a non-propensity purpose. *Id.*; *see* Fed. R. Evid. 104(b). The government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Huddleston*, 485 U.S. at 689.

If the evidence is probative of a non-propensity purpose, the next question is whether it is admissible under Rule 403. *Clarke*, 24 F.3d at 264. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a

---

[3] As set forth above, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Generally, relevant evidence is admissible, and irrelevant evidence is not. Fed. R. Evid. 402.

danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see Bowie*, 232 F.3d at 930 (citing *Old Chief v. United States*, 519 U.S. 172, 179 (1997)). "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403, advisory committee's notes).

The "strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." *Huddleston*, 485 U.S. at 690 n.6. Likewise, the availability and probative utility of available "evidentiary alternatives" must inform the "probative value" of evidence under Rule 403. *Old Chief v. United States*, 519 U.S. 172, 184 (1997) (noting the advisory committee notes to Rule 403 state the "availability of other means of proof" is an appropriate consideration); *see also* Fed. R. Evid. 404, advisory committee's notes (referring to "the availability of other means of proof" as an important consideration under Rule 403); *Linares*, 367 F.3d at 946–48 (holding prior-act evidence inadmissible when the asserted purposes—knowing possession and absence of mistake—were not at issue).

Here, Mr. Al-Marimi's alleged confession contains three topics that trigger the Rule 404(b) and Rule 403 analysis. The first topic spans from page 14 through the first half of page 16 of Exhibit A-1 and relates to the government's pending motion to

introduce evidence of Mr. Al-Marimi allegedly participating in the La Belle bombing. For all of the reasons stated in Mr. Al-Marimi's response to the government's Rule 404(b) motion in ECF No. 147, this portion of Mr. Al-Marimi's alleged confession is inadmissible under Rules 404(b) and 403. *See* ECF No. 174 at 8-20.

The second topic—an alleged assassination attempt of an American official in Pakistan—spans from page 20 through roughly the first half of page 24 of Mr. Al-Marimi's alleged confession. The third topic—regarding alleged activities in Africa—spans from the bottom half of page 24 through the top third of page 25 of Mr. Al-Marimi's alleged confession. First, under *Burwell* and *Huddleston*, the government must first prove with evidence independent of Mr. Al-Marimi's alleged confession that Mr. Al-Marimi was responsible for this uncharged conduct. Second, like the issues the defense has raised to the government's La Belle Rule 404(b) motion in ECF No. 147, the second and third topics also suffer from a lack of corroborating evidence. *See* ECF No. 174 at 10-11 ("*Linares* and *Bailey* make clear that corroboration for the sake of corroboration is not appropriate under Rule 404(b); rather, the statements being corroborated must be independently relevant and admissible for some valid purpose."). Further, the second and third topics have nothing to do with the crimes Mr. Al-Marimi is charged with here and any probative value of the second and third topics is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See Linares*, 367 F.3d at 945 (recognizing "an ever-present danger that such evidence 'will weigh too much with the jury' and 'overpersuade them as to

9

prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.'") (quoting *Michelson v. United States*, 335 U.S. 469, 475–76 (1948)).

The statements highlighted in yellow and gray cannot pass muster under Federal Rules of Evidence 403 and 404(b). Thus, the Court must exclude those portions of Mr. Al-Marimi's alleged confession even if the Court were to find Mr. Al-Marimi's confession voluntary and reliable after the suppression hearing in this case.

## CONCLUSION

For the foregoing reasons, Mr. Al-Marimi respectfully requests that this Court grant his Motion in Limine and exclude the portions of his alleged confession highlighted in pink (irrelevant information), green (speculative statements), blue (pure hearsay), gray (hearsay combined with Rule 403 and 404(b) violations), and yellow (Rule 403 and 404(b) violations) in Exhibit A-1. These portions of the alleged confession are inadmissible under Federal Rules of Evidence 402, 403, 404(b), 602, and 802, and their exclusion is necessary to ensure Mr. Al-Marimi receives a fair trial on the charges for which he actually stands accused.

> Respectfully submitted
> By Counsel,
> Geremy C. Kamens,
> Federal Public Defender
>
> By: _____/s/_____
> Whitney E.C. Minter
> Va. Bar # 47193
> Brooke Sealy Rupert

10

Va. Bar #79729
Assistant Federal Public Defender
Attorneys for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia     22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
laura_koenig@fd.org (email)

11