UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-392 (DLF) |
| v. : | |
| : | |
| ABU AGILA MOHAMMAD : | |
| MAS'UD KHEIR AL-MARIMI : | |
| : | |
| : | |
| Defendant. : | |

**PRETRIAL ORDER**

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial in this case in the most efficient manner, it is hereby ORDERED that counsel will comply with each of the following procedures and requirements.

1. Trial. Jury selection will commence on **August 24, 2026, at 9:00 a.m.,** in Courtroom 24. The following deadlines shall govern pretrial proceedings:[1]

2. For any deposition, ordered under Fed. R. Crim. P. 15, which is scheduled to begin on or after February 1, 2026:

   a. Three weeks before the first scheduled day of any such deposition, the parties shall file any motions *in limine* with respect to that deposition;

   b. Responses to any such motions *in limine* shall be due two weeks before the first scheduled day of any such deposition;

   c. Replies shall be filed no later than one week before the first scheduled day of any such deposition; and

---

[1] For convenience, this Order contains dates that have already been calendared.

  d. The Court will aim to hold a hearing on any such motion the week before the deposition is scheduled to begin. Any attorneys who are traveling at the time the hearing is set may appear remotely.[2]

3. By December 10, 2025, the government shall file any reply to the defense response to admit foreign records, [ECF 229]. The defense shall file a sur-reply no later than December 22nd.

4. By December 12, 2025, the defendant shall file an opening brief regarding issues arising out of the deposition taken the week of November 17, 2025. The government shall file a response no later than December 30, 2025, and the defendant shall file a reply no later than January 6, 2026.

5. The government shall file a response to the defendant's motion filed at ECF 231, regarding exclusion of portions of his statement under the Federal Rules of Evidence, no later than December 15, 2025, and the defendant shall file any reply no later than December 22, 2025.

6. By December 15, 2025, the government shall file any motions to exclude expert testimony for the motion to suppress hearing. The defense shall file its response thereto no later than January 6, 2026, and the government shall file any reply no later than January 13, 2026.

7. By December 10, 2025, the government shall file a motion pursuant to Section 4 of the Classified Information Procedures Act (CIPA).

8. By December 18, 2025, the defendant shall file any motions to dismiss the indictment or counts therein, motions to challenge venue, or other dispositive motions. The government shall file its response thereto no later than January 8, 2026, and the defendant shall file any reply no later than January 15, 2026.

9. On January 12, 2026, the Court shall hold a non-evidentiary hearing to hear legal argument on the following: the government's Motion to Admit Foreign Records [ECF 148]; the

---

[2] If either party identifies, based on materials received less than three weeks from the beginning of a deposition, issues that they believe should be briefed ahead of the deposition, the parties shall meet and confer and propose a joint, compressed briefing schedule on those issues. If any of the dates described in this paragraph fall on a holiday, all corresponding dates are pushed one business day later.

government's Motion *In Limine* to Permit Rule 404(b) Evidence [ECF 149]; and any issues briefed pursuant to paragraphs 4 and 5, above.

10. By January 16, 2026, the Defendant shall provide any notice pursuant to Fed. R. Crim. P. 12.1 or 12.3.

11. By January 22, 2026, the parties will provide any responsive expert notice, based on expert disclosures made by the opposing party on or before November 25, 2025.

12. By January 30, 2026, the government shall provide any disclosures related to the defendant's anticipated motion challenging his transfer to the United States.

13. Beginning on February 9, 2026, the Court will hold a sealed deposition pursuant to Fed. R Crim. P. 15.

14. Beginning on February 11, 2026, the Court will hold an evidentiary hearing on the defendant's motion to suppress statements, at 9:00 a.m. in Courtroom 24.

15. By February 18, 2026, the government shall provide any additional fingerprint, Arabic-language translation, or handwriting case-in-chief expert notice pursuant to Fed. R. Crim. P. 16(a)(1)(G).  The defendant shall provide any responsive expert notice no later than March 20, 2026.

16. By February 19, 2026, the parties shall file any motions to exclude and/or limit expert testimony based on expert notice provided on or before January 22, 2026.  Responses shall be filed by March 5, 2026, and replies shall be filed by March 12, 2026.  The parties shall appear for a hearing on any such motions on April 8, 2026, in Courtroom 24.

17. By February 19, 2026, the government shall provide the Court and counsel an under-seal proffer regarding the documents about which the individual designated by the government as "Witness 4" would testify.

18. Beginning on February 23, 2026, the parties shall appear for a sealed deposition that the Court has ordered pursuant to Fed. R. Crim. P. 15. In connection with that deposition, the deadlines described in paragraph 2 above shall apply.

19. By February 26, 2026, the government shall file a motion pursuant to Section 4 of CIPA.

20. By March 4, 2026, the defendant shall file any motion challenging the transfer of the defendant to the United States. The government shall file its response by March 18, 2026, and the defendant shall file any reply by March 25, 2026.

21. By March 5, 2026, the government shall file notice of any rebuttal experts to any experts noticed by the defense on or before January 22, 2026.

22. By March 11, 2026, the parties shall exchange proposed stipulations. Responses to any proposed stipulations shall be provided by April 20, 2026.

23. By March 20, 2026, the defense shall file notice of any experts it intends to call in response to the testimony of experts noticed by the government on February 18, 2026.

24. By April 2, 2026, the government shall file any additional motions to admit evidence based on Fed. R. Evid. 404(b) and/or any supplemental filing regarding the issues the Court raised regarding ECF 147 at the November 12, 2025, hearing. The defense shall file a response by April 16, 2026, and the government shall file any reply by April 23, 2026.

25. By May 28, 2026, the parties shall file any motions for live video testimony by witnesses who are unavailable to appear in person. Responses shall be filed no later than June 10, 2026, and any replies no later than June 16, 2026.

26. During the week of June 22, 2026, the parties shall appear for a hearing on motions *in limine* regarding trial exhibits and any motions for live video testimony. In advance of that hearing, the parties shall:

    a. the government and the defense, if so ordered, will provide opposing counsel a preliminary exhibit list for trial no later than May 13, 2026[3];

---

[3] These preliminary exhibit lists shall reflect the parties' good-faith efforts to identify all exhibits they reasonably expect to offer in the cases-in-chief at trial as of the time the lists are exchanged. The Court understands that, as trial preparations continue, additional exhibits may be identified. Absent a showing of bad faith, the parties shall be permitted to make reasonable additions to their exhibit lists after the deadline for exchanging preliminary lists has passed.

  b. File any motions *in limine* based on those exhibit lists, including any motions to admit Rule 15 depositions or portions thereof at trial, by June 1, 2026;

  c. File any responses to such motions *in limine* by June 10, 2026; and

  d. File any replies by June 15, 2026.

27. By July 3, 2026, the government shall file a motion pursuant to CIPA Section 4.

28. By July 30, 2026, the parties shall submit a list of all standard jury instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. In addition, the parties shall provide the full text of (1) any modified standard jury instruction(s), including any preliminary instructions, with the proposed modification(s) redlined, and (2) any nonstandard jury instruction which they wish to have the Court include. As to each nonstandard jury instruction, the sponsoring party should provide legal authority for the proposed instruction, and the opposing party should state any objection to the instruction, including any proposed modifications.

29. During the week of August 3, 2026, the parties shall appear for a hearing on motions *in limine* related to issues other than exhibits. In advance of that hearing, the parties shall:

  a. the government and the defense, if so ordered, will provide opposing counsel a preliminary witness list for trial no later than June 29, 2026[4];

  b. File any motions *in limine* by July 13, 2026;

  c. File any responses to such motions *in limine* by July 22, 2026; and

  d. File any replies by July 27, 2026.

30. By August 3, 2026, the government shall make any disclosures required by the Jencks Act (18 U.S.C. § 3500) and *Giglio v. United States*, 405 U.S. 150 (1972) for the witnesses it anticipates calling in its case-in-chief.

---

[4] As with the preliminary exhibit lists, the parties will not be barred from making reasonable additions to their preliminary witness lists as trial preparations progress.

31. By August 10, 2026, the parties shall file a Joint Pretrial Statement that contains the following:

   a. A neutral statement of the case. The parties shall include a neutral statement of the case for the court to read to prospective jurors.

   b. Voir dire. The Court will determine at a later date whether it will use a jury questionnaire.

   c. Witness lists. The government and the defense, if so ordered, shall identify the witnesses that each side anticipates it may introduce in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

   d. List of other relevant persons. The parties shall identify any persons who are not witnesses but whose names are likely to arise at trial, so that the Court may ensure no jurors have disqualifying relationships with or knowledge about such persons.

   e. Updated exhibit lists. The government and the defense, if so ordered, shall exchange updated exhibit lists and shall exchange any new or amended exhibits. The parties shall exchange digital copies of pre-marked exhibits.

   f. Stipulations. The Parties shall submit a draft of all stipulations.

   g. Proposed verdict form. The Parties shall include a draft verdict form, including any special interrogatories.

32. On August 17, 2026, the parties shall appear for a final pretrial conference.

Signed: December ____, 2025                         DABNEY L. FRIEDRICH
                                                    United States District Judge