**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22CR392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION REGARDING PROPOSED FACT TESTIMONY AND EXPERT TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT v. MERRELL DOW PHARMACEUTICAL***

The government has provided notice that it seeks to adduce testimony at trial from Mr. David Tiedge, as an expert in the field of "aviation security and the Air Carrier Standard Security Program regulations from the late 1980s." Government's Expert Disclosure Letter, dated October 8, 2025. As detailed below, Mr. Tiedge's testimony should be limited to that which is justified by his knowledge, skill, experience, training, or education, or his own observations, but the treatment of the testimony depends on the nature of the testimony and which Federal Rule of Evidence governs its admissibility.

**ARGUMENT**

**I.    Standard on Admissibility Pursuant to Federal Rule of Evidence 702**

Rule 702 of the Federal Rules of Evidence (FRE), which governs the admissibility of expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)     the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)     the testimony is based on sufficient facts or data;

(c)     the testimony is the product of reliable principles and methods; and

(d)     the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court emphasized that Rule 702 requires district courts to perform a critical "gatekeeping" function concerning the admissibility of expert scientific [and technical] evidence. *See Daubert*, 509 U.S. at 588; *Kumho*, 526 U.S. at 152.

*Daubert* establishes that Rule 702 focuses on two threshold inquiries: reliability and relevance. The "reliability" component requires that the expert's testimony come from scientific knowledge, meaning it must be both based on the "methods and procedures of science" and "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 591. "In short, the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability." *Daubert* at 590. The "relevance" component requires the court to find that the proposed testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*.

To the extent that Mr. Tiedge's expert testimony does not meet the requirements of *Daubert* or of FRE 702, it must be excluded.

**II.      While the government is not prohibited from introducing "hybrid" testimony from Mr. Tiedge, this Court should carefully scrutinize the purpose of each form of testimony and whether it is admissible or warrants a limiting instruction.**

This Court has illustrated the dual role of a hybrid witness through a treating physician: "they testify as fact witnesses when recounting factual observations about a patient's presentation, but as expert witnesses when providing an opinion regarding diagnoses, prognoses, or causation." *Bess v. D.C.*, No. CV 19-3152 (JEB), 2022 WL 22902213, at *1 (D.D.C. Mar. 28, 2022)(citing *Daniels v. Dist. of Columbia*, 15 F. Supp. 3d 62, 71 (D.D.C. 2014)).

But, while such testimony is permissible[1], the Court may well need to undertake precautions to ensure that the testimony is not improperly considered or valued by the jury.

> The Court recognizes that in some cases, "concerns about juror confusion may require, under Rule 403, the exclusion altogether of, or imposition of strict scope limits on, the expert portion of a hybrid witness's testimony or the use of other procedural safeguards against jury confusion."

*United States v. Sutton*, 642 F. Supp. 3d 57, 77 (D.D.C. 2022), *on reconsideration in part,* No. CR 21-0598 (PLF), 2022 WL 17572835 (D.D.C. Dec. 7, 2022) (citing *Phoenix Restoration Grp., Inc. v. Liberty Mut. Grp. Inc.*, Civ. Action No. 18-2121, 2020 WL 622152, at *4 (D.D.C. Feb. 10, 2020)).

---

[1] "In this Circuit, there is no bar to dual testimony as both a fact and expert witness." *United States v. Sutton*, 642 F. Supp. 3d 57, 77 (D.D.C. 2022), *on reconsideration in part,* No. CR 21-0598 (PLF), 2022 WL 17572835 (D.D.C. Dec. 7, 2022) (citing cases).

Mr. Tiedge may well have education, training, and experience that warrants his testimony as an expert. He may also have, as the government notes in its expert notice, made his own observations, which could form the basis of fact testimony. But the two categories of testimony are separate and should be treated as such by the Court.

This is especially true, however, when what he witnessed occurred *after* the incident at issue in this case. A jury must not infer that because Mr. Tiedge observed certain circumstances in the days following the accident, that the circumstances were precisely the same on the day itself. The concern that a jury may make this impermissible assumption is heightened when a fact witness testifies after lengthy discussion of his credentials and his certification as an expert.

The government's notice about Mr. Tiedge's testimony is limited a few short sentences, but his conclusions are – apparently – drawn from days of interviews, review of records, and observations by Mr. Tiedge. It is difficult, therefore, to know the full contours of what his testimony will ultimately be. But, given the conclusions noted in the existing expert notice, it seems likely that different portions of Mr. Tiedge's testimony may be governed by different Federal Rules of Evidence. More specifically, his conclusions regarding the security policies and practices at the time of the incident may – following sufficient testimony to his qualifications – be appropriate expert testimony under FRE 702. The conclusions regarding records, witness statements, and first-hand observations, however, form the basis of fact testimony under FRE 701.

Finally, depending on the testimony that is admitted, this Court may need to admonish the jury during his testimony to consider each category of testimony only for its permissible purpose and may also need to similarly instruct the jury at the time of deliberations.

## CONCLUSION

The government's proposed expert testimony should not be conflated with any fact witness testimony. While it may be allowable for Mr. Tiedge to testify as both a fact witness and an expert witness, the scope and admissibility of the testimony is subject to different standards and should be assessed by this Court accordingly.[2]

---

[2] Mr. Al-Marimi raises the above objections based on the notice of expert testimony filed by the government. He reserves the right to object to testimony or exhibits as appropriate at trial.

Respectfully submitted
By Counsel,
Geremy C. Kamens,
Federal Public Defender

By: _____/s/_____
Whitney E.C. Minter
Va. Bar # 47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia   22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia  23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)