**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| Defendant. | ) | |

**MR. AL-MARIMI'S MOTION TO ALLOW DR. CUTLER TO TESTIFY
REMOTELY AT PRETRIAL HEARING OR ALTERNATIVELY SCHEDULE
A SEPARATE *DAUBERT* HEARING**

The government has filed a *Daubert* challenge to Dr. Brian Cutler's proposed potential testimony regarding false confessions. *See* ECF No. 340. On March 13, 2026, the Court scheduled a hearing on the parties' motions in limine regarding expert witnesses for May 4 and 5, 2026. *See* 3/13/2026 Minute Order. Around that time, the defense learned that Dr. Cutler has a medical procedure scheduled for May 5 and 6, 2026, near his home in California. He is available to testify on May 4, 2026, but needs to ensure that he is home in California in time to prepare for the medical procedure the following day. Thus, Mr. Al-Marimi moves the Court to allow Dr. Cutler to testify remotely at the hearing on May 4, 2026; alternatively, Mr. Al-Marimi moves the Court to schedule a separate hearing[1] on the government's *Daubert* challenge against Dr. Cutler's proposed testimony that he can attend in person.

---

[1] The parties have currently challenged aspects of the proposed testimony of five other experts—*see* ECF Nos. 243-2 (Feraday), 359 (May), 361 (Murray), 363 (Pargeter), and 364 (Tiedge). Briefing schedules still need to be set or have not yet concluded to determine if any party will challenge portions of the testimony of the noticed handwriting, fingerprint, Arabic translation, metallurgy, cell phone forensics and data recovery, and aviation accident investigations experts. Thus, the parties and Court can still make good use of the currently

1

I.    **The defense's prior challenges to proposed video testimony address only anticipated trial testimony, which is constitutionally distinct from testimony at hearings addressing pretrial matters.**

In response to the government's motions seeking approval from the Court to present video testimony at trial, the defense raised objections under the Sixth Amendment's Confrontation Clause's face-to-face requirement. *See* ECF No. 372-2 at 2-7; ECF No. 197-2 at 2-7; *see generally Coy v. Iowa*, 487 U.S. 1012, 1016 (1988) ("We have never doubted, therefore, that the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact."). The Supreme Court has routinely observed that the Confrontation Clause primarily implicates trial testimony and is not in full effect[2] regarding testimony presented at pretrial hearings. *See, e.g.*, *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (plurality opinion) ("The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination."); *California v. Green*, 399 U.S. 149, 157 (1970) ("Our own decisions seem to have recognized at an early date that it is this literal right to 'confront' the witness at the time of trial that forms the core of the

---

scheduled time on May 4 and 5, 2026, for the pending expert challenges as well as other ripe motions currently pending before the Court.

[2] Open questions may exist about the whether any portion Sixth Amendment's Confrontation Clause applies at pretrial hearings. *See, e.g.*, *Kentucky v. Stincer*, 482 U.S. 730, 738 n.9 (1987) (expressing Justice Blackmun's opinion that cases could exist "in which a state rule that precludes a defendant from access to information before trial may hinder that defendant's opportunity for effective cross-examination at trial, and thus that such a rule equally may violate the Confrontation Clause"). But, the scope of effective cross-examination at a pretrial hearing is not at issue in Mr. Al-Marimi's request for Dr. Cutler to testify remotely at a pretrial *Daubert* hearing.

values furthered by the Confrontation Clause"); *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right.").

Further, the Confrontation Clause is a constitutional right personal to a criminal defendant, not to the government. *See, e.g.*, *Smith v. Arizona*, 602 U.S. 779, 783 (2024) ("The Sixth Amendment's Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him."); *Coy v. Iowa*, 487 U.S. 1012, 1015 (1988) (recognizing that the "lineage" of a criminal defendant's right to be confronted with the witnesses against him "traces back to the beginnings of Western legal culture"); *Mattox v. United States*, 156 U.S. 237, 242-43 (1895) (observing that Confrontation Clause's purpose "was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."). Thus, to the extent that the Confrontation Clause applies to pretrial hearing testimony, it is Mr. Al-Marimi's right alone to assert if he chooses.

II. **While Mr. Al-Marimi previously pointed to the failure of prior efforts to more broadly enable remote testimony in federal courts, those efforts sought to expand the Court's ability to accept remote trial testimony, not pretrial hearing testimony.**

In response to the government's motions seeking approval from the Court to present video testimony at trial, Mr. Al-Marimi pointed to the failure of a 2002

3

proposed amendment to Federal Rule of Criminal Procedure 26 that would have explicitly allowed two-way video testimony. The proposed 2002 amendment to Rule 26, however, was intended to apply to trial testimony. *See* 207 F.R.D. 89, 99- (specifying that proposed amendment was intended to permit video testimony "only in those instances when deposition testimony could be used" under Federal Rule of Criminal Procedure 15, which—as the Court knows—allows for preservation of trial testimony via deposition)); *see also* Fed. R. Crim. P. 26 (providing that "[i]n every trial", testimony must be taken in open court and providing no such limitation on pretrial hearings). Justice Scalia founded his objection to the proposed amendment to Rule 26 on the Sixth Amendment's Confrontation Clause, which is again a right personal only to criminal defendants. *Id.* at 93-94.

Justice Scalia also observed, in response to the argument that refusal to adopt the amendment would deny litigants access to more efficient trial procedures, that "nothing prevents a defendant who believes this procedure is 'more efficient and more fair' from voluntarily waiving his right of confrontation". *Id.* at 95. "The only issue here is whether he can be *compelled* to hazard his life, liberty, or property in a criminal teletrial." *Id.* It is against that background that the 2002 amendment failed. Thus, nothing about the failure of the 2002 amendment to Rule 26 indicates any policy decision by the Supreme Court or the Rules Committee to prevent a trial court from accepting pretrial testimony remotely from a defense witness.

Further, the discontinuation of virtual criminal proceedings under the 2020 CARES Act is also distinct from whether the Court can authorize Dr. Cutler to testify

remotely at a pretrial proceeding. Section 15002(b) of the CARES Act authorized federal courts to hold entire proceedings via video and teleconference during the COVID-19 pandemic. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 15002, 134 Stat. 281 (2020). Under the CARES Act, the Court, the parties, witnesses, and the general public could gain access to federal court proceedings remotely. Here, what Mr. Al-Marimi seeks is permission from the Court to allow Dr. Cutler to appear via videoconferencing while the Court, the parties— including Mr. Al-Marimi, and the general public will be present in the courtroom in person.

While the parties are engaged in litigation about whether the government has met the standard in *Maryland v. Craig*, 497 U.S. 836 (1990), to allow remote *trial* testimony for witnesses the government has identified, neither the Supreme Court nor the D.C. Circuit nor the D.C. Local Rules prohibit the Court from accepting remote pretrial testimony. Much like the Court has earlier observed that "broadcasting of criminal proceedings is neither constitutionally prohibited nor mandated", ECF No. 82 at 7, there are no procedural rules, statutes, or constitutional provisions that prevent the Court from accepting remote pretrial testimony from Dr. Cutler. Federal Rule of Criminal Procedure 57(b) provides that when there is no controlling procedural law, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."

Here, both parties are in agreement that the Court can accept Dr. Cutler's pretrial testimony remotely given the circumstances of where his medical procedure

will take place and the timing of the currently scheduled hearing to address expert witness motions in limine. The government has indicated that it likewise may need to present expert witnesses subject to potential future litigation remotely at pretrial hearings. Should that circumstance arise, Mr. Al-Marimi does not object to the government's experts—particularly those overseas—testifying remotely as needed at pretrial hearings. Thus, because there is no legal impediment to Dr. Cutler testifying remotely at a pretrial hearing in this case and because the parties are in agreement, Mr. Al-Marimi asks the Court to allow Dr. Cutler to testify remotely at the hearing on May 4, 2026.

### III. Alternatively, Mr. Al-Marimi moves the Court to schedule a separate hearing on the government's *Daubert* challenge against Dr. Cutler's proposed testimony that he can attend in person.

As an initial matter, Dr. Cutler is happy to travel to the District of Columbia to testify in person for all proceedings for which he is called as a witness in this case. He has done so before in other cases in this district, *see United States v. Trabelsi*, 1:06cr89 (D.D.C. June 15, 2023) (reflecting Dr. Cutler's testimony about false confessions after trial court denied government's *Daubert* challenge), and is happy to do so again.

The issue with Dr. Cutler's in-person availability at the May 4-5, 2026, hearing in this case is attributable solely to Ms. Koenig's oversight that the government had filed a *Daubert* challenge until after the Court had scheduled the May 4-5, 2026, hearing. The government filed its challenge to Dr. Cutler's testimony on the same day that the parties had jointly moved the Court to continue the deadline to file challenges

to proposed expert testimony that covered Dr. Cutler's potential testimony. *See* ECF No. 342. The docket notice associated with the government's *Daubert* challenge to Dr. Cutler's testimony did not identify him by name, and Ms. Koenig inadvertently overlooked the contents of that filing until the parties were later internally confirming which experts were contested. On March 18, 2026, Ms. Koenig notified the government about Dr. Cutler's medical procedure and discussed the possibility of him testifying remotely in order to stay on schedule with the May 4-5, 2026, hearing.

The Court must address the government's *Daubert* challenge pretrial under Federal Rule of Criminal Procedure 12(d) (unless the Court finds good cause to defer such a ruling until trial). Federal Rule of Criminal Procedure 45(b)(1) allows the Court to extend time (and, relatedly, continue hearings) for good cause and also excusable neglect. *See also* D.D.C. Local Rule 57.2 (b). Here, Mr. Al-Marimi submits that Ms. Koenig's inadvertent agreement to the May 4-5, 2026, hearing date given the government's *Daubert* challenge to Dr. Cutler's testimony constitutes excusable neglect and provides good cause for the Court to schedule a separate *Daubert* hearing for Dr. Cutler should the Court deny Mr. Al-Marimi's motion to allow Dr. Cutler to testify remotely at the pretrial hearing.

**CONCLUSION**

Thus, Mr. Al-Marimi moves the Court to allow Dr. Cutler to testify remotely at the hearing on May 4, 2026. Alternatively, Mr. Al-Marimi moves the Court to schedule a separate hearing on the government's *Daubert* challenge against Dr. Cutler's proposed testimony that he can attend in person.

7

Respectfully submitted,

**ABU AGILA MOHAMMAD
MAS'UD KHEIR AL-MARIMI**


By:    _____/s/_____

Whitney E.C. Minter
Va. Bar # 47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia  22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
whitney_minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia  23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)

8