**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT SUMMARY OF THE STATUS OF EXPERT LITIGATION**

The United States of America and the defendant, by and through their respective attorneys, respectfully submit this summary of the status of expert litigation in the above-captioned case.

**A.  Currently Pending Motions.**

The following expert-related motions are currently pending:

- Government expert David Tiedge (aviation security) – The defense has moved to limit Mr. Tiedge's testimony. *See* ECF 364 (defense's motion); ECF 383 (government's response); ECF 400 (defense's reply). Supplemental briefing is due on Friday, April 17, 2026. Based on the arguments currently lodged by the defense, the government does not believe testimony from Mr. Tiedge would aid the Court in resolving the motion and does not presently intend to call Mr. Tiedge at the hearing. If the Court believes that testimony from Mr. Tiedge is necessary, the government respectfully requests that the Court so advise the parties.

- Government expert Alison Pargeter (Libya's history) - The defense has moved to limit Pargeter's testimony. *See* ECF 363 (defense's motion); ECF 387 (government's response); ECF 399 (defense's reply). The motion is fully briefed and ripe for argument during the week of May 4. Most of the disputed issues involve purely legal questions, the resolution of which would not be assisted by testimony from Ms. Pargeter. The defense has identified two sentences from

Pargeter's eleven-page expert opinion that it believes are insufficiently reliable given her bases of knowledge. *See* ECF 399 at 8-9. The government has addressed this argument in writing by providing an explanation of Pargeter's methodology and sourcing, which explanation was drafted in consultation with Pargeter and has been reviewed for accuracy and approved by her. *See* ECF 387 at 11-14. Further supplementation of Ms. Pargeter's notice is forthcoming pursuant to the Court's minute order of April 13, 2026. Because the factual issues related to the defense motion *in limine* about Ms. Pargeter's testimony are limited in scope and have been addressed in writing, the government submits that testimony by Ms. Pargeter is not necessary. Ms. Pargeter resides in the United Kingdom and is unavailable to travel to the United States the week of May 4. If the Court believes that testimony from Ms. Pargeter is necessary for the resolution of the defense's motion, the government respectfully requests that the parties be directed to confer about alternate dates for Ms. Pargeter to testify in person.[1]

- Defense expert Rebecca Murray (Libyan prison and political conditions) – The government has moved to exclude Ms. Murray's testimony. *See* ECF 361 (government's motion); ECF 384 (defense's response); ECF 395 (government's reply). The motion is fully briefed and ripe for argument during the week of May 4. The defense does not presently intend to call Ms. Murray, who testified under oath at the suppression hearing in February, to testify at the upcoming hearing. If the Court believes that testimony from Ms. Murray is necessary, the defense respectfully requests that the Court so advise the parties.

---

[1] Because only two sentences of Ms. Pargeter's opinions are challenged on reliability grounds, the parties respectfully submit that the Court could, if necessary, hear brief testimony on this point outside the jury's presence when Ms. Pargeter travels to the United States to testify during trial.

- Defense expert Anthony May (explosives) – The government has moved to exclude Mr. May's testimony. *See* ECF 359 (government's motion); ECF 388 (defense's response); ECF 396 (government's reply). Supplemental expert notice is due on Friday, April 17, 2026. The motion is fully briefed and ripe for argument during the week of May 4. The defense does not presently intend to call Mr. May to testify at the hearing. If the Court believes that testimony from Mr. May is necessary, the defense respectfully requests that the Court so advise the parties.

- Defense expert Brian Cutler (false confessions) – The government has moved to exclude Dr. Cutler's testimony. *See* ECF 340 (government's motion); ECF 389 (defense's response); ECF 397 (government's reply). The motion is fully briefed and scheduled for a hearing on May 27, 2026. *See* Minute Order of April 14, 2026

- Government expert Allen Feraday (explosives) – Mr. Feraday has given a deposition pursuant to Fed. R. Crim. Pro. 15. The defense filed two motions related to Mr. Feraday's testimony, both of which have been fully briefed and argued. *See* ECF 170 (defense's motion to exclude expert testimony by Mr. Feraday); ECF 187 (government's response); ECF 194 (defense's reply); *see also* ECF 243-2 (sealed defense motion regarding Mr. Feraday); ECF 261-1 (government's response); ECF 269-2 (defense's reply); ECF 283-1 (government's supplemental exhibits); ECF 301-2 (defense's response to supplement); ECF 317-2 (government's reply).

## B. Potential Further Litigation.

The parties expect that several other proposed experts may be the subject of litigation. To provide for the timely resolution of any disputed issues, the parties propose that the Court set the following deadlines:

- Recently noticed government rebuttal experts Peter Claiden and Christoper Alan Protheroe (air accident investigations); and recently supplemented defense expert Steve Burgess

(digital forensics) – It is requested that the Court set the following deadlines: Motions *in limine* filed by May 7, 2026; responses thereto filed by May 21, 2026; and replies filed by May 28, 2026.

- Government and defense experts relating to fingerprints and handwriting – The parties are resolving a number of outstanding discovery issues relating to these experts. It is requested that the Court set the following deadlines: Completion of discovery by May 22, 2026; supplementation of defense's responsive fingerprint expert notice by June 22, 2026, and the defense's handwriting expert notice by July 10, 2026[2]; fingerprint motions *in limine* filed by July 6, 2026, responses thereto filed by July 20, 2026, and replies filed by July 27, 2026; handwriting motions *in limine* filed by July 17, 2026; responses thereto filed by July 24, 2026, and replies filed by July 27, 2026.

- Government expert Bashar Khaddam (Arabic language) – On April 14, 2026, the government provided notice to the defense of which English translations of Arabic documents it intends to introduce at trial. The parties request a deadline of May 22, 2026, for the defense to provide any responsive expert notice, file any motions *in limine*, or otherwise challenge the accuracy of the translations.

- Government expert Yu-Lung Chiu (metallurgy) – The following briefing schedule is in place: motions *in limine* filed by April 30, 2026; responses thereto filed by May 14, 2026; and replies filed by May 21, 2026. *See* Minute Order of April 11, 2026. In obtaining and processing the original data related to Mr. Chiu's analysis, the government has encountered unforeseen delays

---

[2] The outstanding discovery issues have prevented the defense experts from being able to offer substantive opinions until the outstanding discovery issues are resolved. The defense experts expect they will need a full month to evaluate the discovery materials once the government produces them before being able to complete reports containing their substantive opinions. Thus, unless the government is able to produce the needed discovery more quickly than anticipated, the parties are unable to further expedite litigation on these experts.

arising from the format in which the data was stored. The parties are hopeful that these issues will

be resolved promptly and that the current briefing schedule will remain feasible, but if that is not

the case the parties will propose adjusted dates as soon as they are able.

\*      \*      \*

The parties appreciate the Court's consideration of these proposals.

Respectfully submitted,

For the United States:

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Conor Mulroe*
CONOR MULROE (NY Bar No. 5289640)
ERIK M. KENERSON (OH Bar No. 82960)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 740-4595 // Conor.Mulroe@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530

For Mr. Al-Marimi:

*/s/ Whitney E.C. Minter*
WHITNEY E.C. MINTER (VA Bar No. 47193)
BROOKE S. RUPERT (VA Bar No. 79729)
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Brooke_Rupert@fd.org
(703) 600-0800 (telephone)

LAURA KOENIG (Va. Bar No. 86840)
Assistant Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
Laura_Koenig@fd.org