**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENT TO ITS OPPOSITION TO DEFENDANT'S MOTION
*IN LIMINE* REGARDING PORTIONS OF MR. AL-MARIMI'S ALLEGED
CONFESSION PURSUANT TO FEDERAL RULES OF EVIDENCE
402, 403, 404, 602, AND 802**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits this supplement to its opposition (ECF 246) to the

defendant's motion *in limine* to exclude portions of his statement under various evidentiary rules,

ECF 231. The government seeks to clarify its response to an important point raised by the Court

related to the defendant's motion, which asks to preclude admission of portions of his statement,

which the government plans to introduce as a statement of a party opponent under Fed. R. Evid.

801(d)(2)(A). At the May 4, 2025, hearing, the Court noted that the defendant had pointed to case

law in his reply brief that demonstrated a circuit split on the issue of whether Rule 602 can preclude

admission of a statement of a party opponent, and that the government had stated there was none.

*See* May 4, 2025, Hr'g Tr. at 61-62. The defendant's position is incorrect: there is no circuit split

on the issue that the government has been able to discern, and the defense misstated the holding

of *Gross v. Burggraff Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995).

In the government's opposition to the defendant's motion, the government correctly stated

the principle that party admissions are not subject to the personal-knowledge requirement of Rule

602. It argued that "[e]very circuit to consider this issue has concluded that the strictures of Rule 602 do not apply to admissions offered into evidence by a party's opponent under Rule 801(d)(2)[(A)]." ECF 246 at 29. The same is true, the government argued, of Rule 801(d)(2)(E), regarding co-conspirator statements. *Id.* The defense in its reply pointed to *Gross*, 53 F.3d at 1541, claiming that *Gross* "held the opposite" of the government's argument. ECF 256 at 24. The defense specifically argued that *Gross* stands for the proposition that "Rule 801(d)(2)(A) does not eliminate Rule 602's requirement of personal knowledge." *Id*.

The defense's reading of *Gross* is inaccurate. *Gross* did not hold that a party-opponent statement must be based on the declarant's (i.e., the party-opponent's) personal knowledge. Rather, *Gross* held that witness testimony *about* a party-opponent's statement must be based on the *witness's* personal knowledge that the party-opponent actually made the statement in question. In *Gross*, neither of the offering party's sponsoring witnesses had personal knowledge that the party-opponent actually said the words in question. That lack of personal knowledge that the words were ever uttered was the basis of the 10th Circuit's holding. *See* 53 F.3d at 1541-42 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Neither [proffered witness] had personal knowledge that [defendant] used a sexual epithet in reference to [plaintiff]").[1] Nothing in the *Gross* opinion supports the defense's reading that it stands for the proposition that a party-opponent's statement must be based on personal knowledge to be admissible.

A subsequent decision of the Tenth Circuit confirms that the government's reading of *Gross* is correct. In *Grace Methodist Church v. City of Cheyenne*, 451 F.3d 643, 667 (10th Cir.

---

[1] The analogy here would be if Jamal had testified that he lacked personal knowledge whether the statement was given by the defendant. For example, if he said he was given Exhibit 500 by some other police officer. That is plainly not the case.

2006), the court stated unequivocally, "[w]e have expressly held that an admission of a party opponent may be introduced in evidence even though the declarant lacked personal knowledge of the matter asserted." In support of that statement, the court cited *Smedra v. Stanek*, 187 F.2d 892, 894 (10th Cir. 1951) (stating that "[a]dmissions do not come in, on the ground that the party making them, is speaking from his personal knowledge, but upon the ground that a party will not make admissions against himself unless they are true").

The Tenth Circuit has, in other words, issued decisions both before and after *Gross* that establish that the defense's reading of *Gross* is incorrect. The government's interpretation of the interplay of Rules 602 and 801(d)(2)(A) is the only interpretation supported by the case law and the Advisory Committee Notes: no portion of the defendant's statement should be excluded under Rule 602.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:      */s/ Erik Kenerson*
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-7201 // Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530