**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

# MR. AL-MARIMI'S MOTIONS *IN LIMINE* REGARDING GOVERNMENT'S TRIAL EXHIBITS

Abu Agila Mohammad Mas'ud Kheir Al-Marimi respectfully submits these motions *in limine* regarding the government's proposed trial exhibits. For the reasons that follow, Mr. Al-Marimi requests that the Court exclude the challenged exhibits as inadmissible under the Federal Rules of Evidence.[1]

Mr. Al-Marimi reserves the right to challenge a subset of the government's exhibits that the government has not yet made available to the defense for review.

## LAW AND ARGUMENT

Motions *in limine* offer "a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)) (emphasis deleted). They "are designed to narrow the evidentiary issues at trial." *Williams*, 747 F. Supp. 2d at 14.

[1] Mr. Al-Marimi raises his objections as to documents that have not otherwise been the subject of litigation or have not been the subject of litigation as to the issue(s) raised below. He does not waive any objections raised in the course of other litigation, regardless of whether this Court has ruled on those objections at this time.

As the party that will seek the admission of the challenged evidence at trial, the government bears the burden of establishing admissibility. *See United States v. Khatallah*, 278 F. Supp. 3d 1 (D.D.C. 2017) ("The proponent of evidence must show by a preponderance of the evidence that any necessary prerequisites for admission have been met."); *Atlanta Channel, Inc. v. Solomon*, 583 F. Supp. 3d 174, 187 (D.D.C. 2022) ("The burden is on the introducing party to establish relevancy as well as admissibility.") (quoting *Corrigan v. Glover*, 254 F. Supp. 3d 184, 191 (D.D.C. 2017)).

## I. Federal Rules of Evidence 401 and 403.

### *a. Relevant law.*

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is material, i.e., "of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence generally is admissible. Fed. R. Evid. 402.

Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000) (citing *Old Chief v. United States*, 519 U.S. 172, 179 (1997)). "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403, advisory committee's notes). Rule 403 "requires a fact-intensive, context-specific inquiry" that considers each type of contested evidence

on an individual basis. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

The "strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." *Huddleston v. United States*, 485 U.S. 681, 690 n.6 (1988). Likewise, the availability and probative utility of available "evidentiary alternatives" must inform the "probative value" of evidence under Rule 403. *Old Chief*, 519 U.S. at 184 (noting the advisory committee notes to Rule 403 state the "availability of other means of proof" is an appropriate consideration); *see also* Fed. R. Evid. 404, advisory committee's notes (referring to "the availability of other means of proof" as an important consideration under Rule 403); *Linares*, 367 F.3d 941,946–48 (D.C. Cir. 2004) (holding prior-act evidence inadmissible when the asserted purposes—knowing possession and absence of mistake—were not at issue).

### ***b. Proposed exhibits which require exclusion under Federal Rules of Evidence 401 & 403.***

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 100 Series | Pan Am vídeos | The promotional vídeos do not make a material fact at issue more or less likely. |
| 201 | Photographs of searches | Photographs of search and those participating are not relevant. |
| 216 | Map of Sector G | Extraneous handwriting on document. |
| 505 | Photograph identified by law enforcement officer. | Photograph depicts Mr. Al-Marimi behind a bar |

| | | |
|---|---|---|
| | | and in a jail jumpsuit for another criminal case. |
| 708 | Maltese Clothing Receipt | This document has little to no probative value because portions are so faint as to be illegible. |
| 821, 826-827, 833-863 | Maltese Travel | That others traveled to Malta in 1986 and 1988 does not have a tendency to make a fact in issue more likely and may risk confusing the issues or misleading the jury. |
| 900 Series | Czech Republic Documents | Evidence Mr. Megrahi's travel to Prague, which does not involve Mr. Al-Marimi, runs the risk of prejudicing Mr. Al-Marimi by confusing the issues or misleading the jury. |
| 1400 Series | Senegalese documents | The Senegalese police documents are of limited relevance to the charges against Mr. Al-Marimi, and whatever marginal relevance they may have is substantially outweighed by the danger of unfair prejudice and confusion of the issues — jurors are likely to improperly conflate the conduct of the Libyans arrested in Senegal with the culpability of Mr. Al-Marimi, and the government has not established a sufficient nexus between those events and the charged offenses. |
| 1535<br>1536 | Documents related to Scottish Witness | These documents are of limited, if any relevance |

| | | |
|---|---|---|
| 1540 | | to the charges against Mr. Al-Marimi under FRE 401, as none of them mention or identify him. Whatever marginal relevance the Government may claim is substantially outweighed under FRE 403 by the danger that the jury will treat Mr. Al-Marimi's alleged association with those identified in the documents as substantive evidence of guilt — effectively convicting him on the basis of his alleged associations rather than his own proven conduct. |
| 1554-1556<br>1558<br>1561-1565<br>1567-1577 | Documents related to Megrahi travel to Switzerland | Evidence of Mr. Megrahi's travel to Switzerland, which does not involve Mr. Al-Marimi, runs the risk of confusing the issues or misleading the jury. |
| 1578 | Libyan Witness Swiss visa application | Evidence of Libyan Witness' Swiss travel in 1986, which does not involve Mr. Al-Marimi, runs the risk of confusing the issues or misleading the jury. |
| 1901 | Image of Qaddafi dressed in the garb of the Amazonian Guards (aka the "Revolutionary Nuns" of Libya) | The Amazonian Guard reportedly surrounded Qaddafi for protection from shooters; thus, the undue prejudice of this particular photo outweighs any probative value given that many other photos of Qaddafi exist that can be used for identification. |

## II. Cumulative evidence.

### *a. Relevant law.*

Relevant evidence may be excluded when it is needlessly cumulative or would waste time or cause undue delay. Fed. R. Evid. 403; *see, e.g.*, *Lane v. District of Columbia*, 887 F.3d 480, 485 (D.C. Cir. 2018) (affirming exclusion of cumulative evidence when party stipulated to the associated fact); *Youssef v. Lynch*, 144 F. Supp. 3d 70, 93–94 (D.D.C. 2015) (excluding "needlessly cumulative" demonstrative aids). For example, a court may properly limit the quantity of scope of evidence presented on a given point to avoid "unnecessary extension of the trial[,]" particularly when the evidence in question has marginal probative value and risks overshadowing more salient evidence. *See United States v. Robinson*, 255 F. Supp. 3d 199, 205–06 (D.D.C. 2017) (permitting presentation of evidence that defendant sold illegal prescriptions to patients other than those identified in the indictment, but limiting scope of such evidence to avoid cumulative evidence even though defendant's entire practice consisted of illegal prescriptions).

The objections may sometimes be "a purely practical one—a concession to the shortness of life[.]" *Reeve v. Dennett*, 11 N.E. 938, 943–44 (Mass. 1887) (Holmes, J.). "Terminal points are necessary" even in cases "involving intricate [] facts and legal issues." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 230 (1940). But cumulative evidence may also risk distracting or confusing the jury, particularly when it concerns a matter of limited relevance. *Id.* ("Admission of testimony showing the market conditions late in 1934 would have opened an inquiry into causal factors

as involved and interrelated as those present during the indictment period. That might have confused rather than enlightened the jury.”).

Courts properly consider not only the evidence in question, but also any rebuttal evidence that may be needed to counter it. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1346–47 (3d Cir. 2002) (affirming exclusion of letter making “expansive allegations” that would have necessitated “a great deal of testimony—a trial within a trial in fact—about” those issues).

**b. *Proposed exhibits that are inadmissible because they are cumulative.***

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 200 – 209 | Photos of crash site, divided by sector. | Repeated images of crash debris and victims risk distracting and confusing the jury. |
| 212/213/214 (and 302.002) | Photographs of Recontruction at Longtown | Repeated images of crash debris risk distracting and confusing the jury. |
| 601 | Photos of La Belle Discotheque scene. | Repeated images of explosively damaged building and debris risk distracting and confusing the jury. |

## III. Unfairly prejudicial and inflammatory.

**a. *Relevant law.***

Evidence that is likely to enflame a jury’s passions may be excluded based on the risk of unfair prejudice. Fed. R. Evid. 403, advisory committee’s notes (unfair prejudice “means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one”); *see also Old Chief*, 519 U.S. at 180 (explaining unfair prejudice “speaks to the capacity of some concededly relevant

evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged"); *Flythe v. District of Columbia*, 4 F. Supp. 3d 222, 232–33 (D.D.C. 2014) ("If, however, the plaintiff uses the photographs merely to arouse sympathy or passion, that would be inappropriate and prejudicial.").

Depictions of death, injury, and violence pose an acute risk of unfair prejudice to a criminal defendant. *United States v. Rezaq*, 134 F.3d 1121, 1139 (D.C. Cir. 1998) (collecting cases). "'Blood will have blood,'" and "photographs of gore may inappropriately dispose a jury to exact retribution." *Id.* (quoting *Macbeth*). For that reason, courts must carefully consider whether a graphic photograph is sufficiently probative of a material fact in light of the other means of proof available. *See id.* (noting a particularly graphic photo "only provided further corroboration" of a point that "did not especially need elucidation" but ruling its admission was not a grave abuse of discretion); *see, e.g.*, *United States v. Sutton*, 636 F. Supp. 3d 179, 199 (D.D.C. 2022) ("The risk of prejudice stemming from the disturbing nature of the graphic depictions of Mr. Hylton-Brown bleeding and vomiting while his condition was deteriorating, likely substantially outweighs the videos' probative value.").

The D.C. Circuit has also acknowledged that "evidence of a prior arrest, without more," is not admissible as it proves at most "general criminal propensity." *United States v. Williams*, 113 F.3d 243, 246 & n.3 (D.C. Cir. 1997) (agreeing testimony identifying a "prior arrest photo" of the defendant was "improper"); *see also Barnes v. United States*, 365 F.2d 509, 510–11 (D.C. Cir. 1966) (noting a "photograph

which on its face reveals the existence of [] a criminal record" generally is inadmissible and granting new trial following admission of mug shot photographs).

Courts have reasoned that a picture of a person in police custody is more prejudicial when it is not an incident to the alleged criminal activity for which the person is being tried. *See United States v. Allen*, 390 F.3d 944, 950 (7th Cir. 2004) ("Importantly, the photograph also did not suggest that Allen was involved in prior criminal activity, as it was clear that it was taken incident to Allen's arrest, rather than during a past encounter with the police."); *United States v. Cochran*, 697 F.2d 600, 608 (5th Cir. 1983) (same).

With respect to trial procedures, the Supreme Court has held that the appearance of a defendant before the jury in prison garb or shackles is an "inherently prejudicial practice that . . . should be permitted only where justified by an essential state interest specific to each trial." *Deck v. Missouri*, 544 U.S. 622, 628 (2005) (quoting *Holbrook v. Flynn*, 475 U.S. 560, 568–69 (1986)). The same logic counsels serious caution with respect to depictions of the defendant in a prison, behind bars and wearing prison garb.

***b. Proposed exhibits which are inadmissible, as they are overly prejudicial.***

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 202 - 206 | Photos of crash site, divided by sector. | Each series contains graphic photos and poses significant risk of unfair prejudice. |
| 309.001<br>309.003-005<br>309.007<br>309.011-014 | Explosives testing. | The image depicts explosion, with mannequins resembling people, in an attempt to |

| | | |
|---|---|---|
| 309.035<br>309.039<br>309.040<br>309.048<br>309.055-058 | | recreate the conditions of the explosion, and poses a risk of unfair prejudice. |
| 508 | Video depicting Mr. Al-Marimi in custody and wearing a jail jumpsuit during prosecution for an unrelated criminal case. | The video depicts Mr. Al-Marimi in custody and wearing a jail jumpsuit during prosecution for an unrelated criminal case; the government has other, less prejudicial means of identification. |
| 601 | Photos of scene at La Belle Discotheque | The proposed exhibit contains graphic photos and poses significant risk of unfair prejudice. |

## IV. Lack of foundation.

### *a. Relevant law.*

Authentication is a "condition precedent to admissibility." *United States v. Abukhatallah*, 41 F.4th 608, 622 (D.C. Cir. 2022) (quoting *United States v. Rembert*, 863 F.2d 1023, 1026 (D.C. Cir. 1988)). To authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); *see also United States v. Blackwell*, 694 F.2d 1325, 1330 (D.C. Cir. 1982) (proponent must "make a showing sufficient to permit a reasonable juror to find that the evidence is what its proponent claims"). Rule 901 provides an illustrative list of evidence capable of authenticating other evidence, and Rule 902 lists categories of evidence that are self-authenticating.

In criminal cases, authentication may require multiple witnesses to establish a chain of custody. *See United States v. Mejia*, 597 F.3d 1329, 1335 (D.C. Cir. 2010)

("It is generally recognized that tangible objects become admissible in evidence only when proof of their original acquisition and subsequent custody forges their connection with the accused and the criminal offense.") (quoting *Gass v. United States*, 416 F.2d 767, 770 n.8 (D.C. Cir. 1969)). An ironclad and unbroken chain of custody may not be necessary for every item of evidence, but the government must always "demonstrate that, as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated." *Id.* (quoting *United States v. Stewart*, 104 F.3d 1377, 1383 (D.C. Cir. 1997)); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009) ("It is up to the prosecution to decide what steps in the chain of custody are so crucial as to require evidence[.]"). So, while a gap in the chain of custody may ultimately go to the weight of the evidence rather than its admissibility, a break "can be serious enough that the district court may abuse its discretion in admitting the evidence." *Mejia*, 597 F.3d at 346–47.

Regarding photographs and similar media, the proponent of the evidence must "identify the scene depicted in the photographs" and "their coordinates in time and place." *Blackwell*, 694 F.2d at 1331; *see also United States v. Akers*, 702 F.2d 1145, 1149 n.11 (D.C. Cir. 1983) (excluding photographs based on inadequate foundation and distortions that limited probative value). Authentication can be accomplished through, for example, knowledgeable witness testimony that the image fairly and accurately depicts a scene observed by the witness; testimony about the reliability of the process by which the image was produced and the chain of custody; and distinctive characteristics such as indicia of date, place, or event. *See Rembert*, 863 F.2d at 1026–

28. When an image has been digitally enhanced, "it may be necessary to employ a combination of authentication methods, including testimony of a witness with knowledge under Rule 901(b)(1) and evidence that the process of digital enhancement produced an accurate result under Rule 901(b)(9)." Wright & Miller, *Fed. Prac. & Proc.* § 7106 (2d ed.), *available on* Westlaw (citing *Lorrain v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 561 (D. Md. 2007)).

Separately, Rule 602 permits a witness to testify to a matter "only if evidence is introduced to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Such qualifying evidence "may consist of the witness's own testimony." *Id.* The corollary Rule 701 allows a witness "to rationally extrapolate from this knowledge to opine on matters 'helpful to . . . determining a fact in issue' as long as the opinion does not rely on 'scientific, technical, or otherwise specialized knowledge.'" *United States v. Slatten*, 395 F. Supp. 3d 45, 75 (D.D.C. 2019) (quoting Fed. R. Evid. 701); *see also Lightfoot v. Rosskopf*, 377 F. Supp. 2d 31, 33 (D.D.C. 2005) ("Lay witnesses may offer opinion testimony based on their perceptions . . . provided the party offering the lay opinion testimony establishes a proper foundation . . . .").

When there is no basis to find that a witness has personal knowledge of a matter, her testimony on that matter is inadmissible speculation. *See, e.g.*, *Cutchin v. District of Columbia*, 369 F. Supp. 3d 108, 122 & n.8 (D.D.C. 2019) (citing Rule 602 and finding witness's "assertion as to what [another person] observed is not admissible evidence"); *Noisette v. Lew*, 211 F. Supp. 3d 73, 93 (D.D.C. 2016) ("The testimony, in short, is the equivalent of an affidavit submitted in a traffic accident

case by someone who may, or may not, have been present at the scene, simply asserting, 'I'm certain he ran a red light.' The Court cannot credit such testimony."); *Youssef v. Holder*, 75 F. Supp. 3d 148, 160 (D.D.C. 2014) (excluding opinion as "inadmissible speculation" when it was "not based on [] discussions with Counterterrorism officials, as Youssef allege[d], or any other personal knowledge").

***b. Exhibits which are inadmissible due to lack of sufficient foundation or authentication.***[2]

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 202 – 210 | Photos of crash site, divided by sector. | Government must present witness testimony that the photographs fairly and accurately depict what they observed at the scene, time and place of the image. |
| 217 | Map of sectors. | Government must present witnesses to lay foundation for recovery of evidence as indicated on map. |
| 302.001 – 302.396 | Photographs from RARDE report. | Government must present sufficient witness testimony to lay foundation for how and where the depicted items were recovered. |
| 303 | AAIB report | Government must present sufficient witness testimony to lay foundation for report. |
| 304.002 | Two-dimensional layout of plane | Government must present witness testimony that the photographs fairly and accurately depict what |

[2] Some objections may be resolved upon further disclosure of the government's witnesses.

| | | |
|---|---|---|
| | | they observed at the scene, time and place of the image. |
| 304.003 | Forward cargo hold diagram | Government must present sufficient witness testimony to lay foundation for diagram. |
| 305 | Feraday RARDE Examination Notes | Government must present sufficient witness testimony to lay foundation for document. |
| 306 | Interim FAI Report | Government must present sufficient witness testimony to lay foundation for document. |
| 307 | Feraday Folder Notes | Government must present sufficient witness testimony to lay foundation for document. |
| 308 | Spectra Printouts | Government must present sufficient witness testimony to lay foundation for document. |
| 309.001-309.058 | FAA test photographs | Government must present sufficient witness testimony to lay foundation for how and where the depicted items were recovered. |
| 310 | Report on Test Explosions | Government must present sufficient witness testimony to lay foundation for document. |
| 507 | Photo purporting to be Mr. Al-Marimi with Abdelbaset Al-Megrahi. | The government has not indicated that it plans to call any witness with personal knowledge that Mr. Al-Marimi is in the car. Without such evidence, this photo is irrelevant under Rules 401/402. |
| 803 | Air Malta weekly flight schedule. | This document has not been provisionally |

| | | |
|---|---|---|
| | | admitted. The government's witness must lay sufficient foundation before it can be admitted as a business record. |
| 824-863;<br>870 | | These documents have not been provisionally admitted so the government must present sufficient witness testimony to lay foundation that the documents are what they purport to be. |
| 868, 869 | Luqa airport photos | Government must present witness testimony that the photographs fairly and accurately depict what they observed at the scene, time and place of the image. |
| 901, 902, 909 | Megrahi Czech visa | Absent Court accepting certifications, the government must present sufficient witness testimony to lay foundation that the documents are what they purport to be. |
| 1002<br>1021<br>1023<br>1025<br>1027<br>1029<br>1030 | Frankfurt airport photos | Government must present witness testimony that the photographs fairly and accurately depict what they observed at the scene, time and place of the image. |
| 1303<br>1306-1309 | Documents from Toshiba | These documents have not been provisionally admitted so the government must present sufficient witness |

| | | |
|---|---|---|
| | | testimony to lay foundation that the documents are what they purport to be. |
| 1400 series | Senegalese documents | These records have not been provisionally admitted, and the government must present sufficient witness testimony that the proffered witness has personal knowledge of, or is otherwise qualified to authenticate, records created by a foreign law enforcement agency under foreign procedures. |
| 1503, 1505, 1507-1512, 1516-1518, 1521, 1523-4; 1526-9; 1532-3, 1535-6; 1540-1545; 1547-1578 | Swiss documents | These documents have not been provisionally admitted so the government must present sufficient witness testimony to lay foundation as to how these documents were recovered and maintained. For the government must present witness testimony that the photographs fairly and accurately depict the item(s) pictured. |
| 1627 | Unboxed MEBO timer | Government must present sufficient witness testimony to lay foundation as to how this piece of evidence was recovered, transferred, and maintained. |
| 1921-1926 | Passports. | The government must present sufficient witness testimony to lay a proper foundation under Rules |

| | | |
|---|---|---|
| | | 602/901 to admit these documents. |

## V. Federal Rules of Evidence 1002 and 1003.

### *a. Relevant law.*[3]

"An original writing, recording, or photograph is required in order to prove its content" unless some other rule provides otherwise. Fed. R. Evid. 1002. The rule "guards against inaccuracy, fraud, and incompleteness." *United States v. Davis*, 596 F.3d 852, 858 n.4 (D.C. Cir. 2010). For example, "where the so-called original is itself not genuine, copies or testimony might fail to reveal evidence of forgery that could be detected by inspecting the original." Wright & Miller, *Fed. Prac. & Proc.* § 7182 (2d ed.), *available on* Westlaw; *see also* 2 McCormick on Evid. § 236 (9th ed.) (noting "production of the original may reveal indicia of putative fraud such as . . . types of paper and inks, alterations, etc., that may not be discernible on the copy"). An original is not required when, among other situations, all the original are lost or destroyed (and not due to the proponent's bad-faith conduct) or cannot be obtained by available judicial process." Fed. R. Evid. 1004(a), (b).

"A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. For example, courts have excluded duplicate evidence based on unfairness when substitution of the duplicate "put[] the defendant at a disadvantage when it comes to confronting" the contents at issue.

[3] Based on counsels' research, the D.C. Circuit has not had occasion to discuss these evidentiary rules in depth.

*United States v. Burston*, 608 F. Supp. 2d 828, 832 (E.D. Mich. 2008) ("If the government argues that the defendant [signed another's name] on the back of the check, the defendant has no way of disputing that conclusion with forensic evidence."); *Fox v. Peck Iron & Metal Co.*, 25 B.R. 674, 680 (Bankr. S.D. Cal. 1982) ("[I]t would be manifestly unfair to admit this duplicate where the original could be of such value in ascertaining its authorship."). In another case, a genuine issue regarding the authenticity of the original arose based on circumstances that "present[ed] a substantial possibility of fraud" and a key witness's "averments directly contrary to sworn prior deposition testimony." *Boswell v. Jasperson*, 266 F. Supp. 2d 1314, 1320–21 (D. Utah 2003), *aff'd*, 109 F. App'x 270 (10th Cir. 2004). The rules define a "duplicate" to mean "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Fed. R. Evid. 1001(e).

Evidence admitted under Rule 1003 is treated differently than evidence admitted under Rule 1004; because the admission of the former is premised on there being "no genuine question about the authenticity of both the original and the duplicate[,]" it is "treated as interchangeable with the original, subject to the discretion of the finder of fact." *Elliott v. Cartagena*, 84 F.4th 481, 491 (2d Cir. 2023). Admission of the latter, by contrast, "does not require such high guarantees of authenticity"; rather than being interchangeable, such evidence "may be probative of the contents of the missing document, to a greater or lesser degree, depending on its persuasive power." *Id.*

### *b. Exhibits which are inadmissible under FRE 1002 and 1003.*

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 500<br>502 | Interviews conducted in Libya. | The government is required to produce the original documents, as there has been a genuine question raised about the original's authenticity and circumstances exist that make it unfair to admit the duplicate. |

## VI. Federal Rules of Evidence 404(b) and 403.

### *a. Relevant law*

Federal Rule of Evidence 404(b) provides, "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose," however, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Restated, Rule 404(b) "prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case[.]" *Huddleston v. United States*, 485 U.S. 681, 685 (1988).

Courts conduct a multi-step analysis to determine whether Rule 404(b) evidence is properly admitted. *Bowie*, 232 F.3d at 930; *United States v. Green*, 149 F.4th 733, 752–54 (D.C. Cir. 2025) (breaking analysis down into three steps: relevance, propensity, and risk of unfair prejudice). The first step focuses on relevance

and "requires that the evidence be probative of some material issue other than character." *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994).

As part of the relevance inquiry, courts must consider whether "a reasonable jury could find by a preponderance of the evidence that the defendant, and not someone else, was responsible for the" uncharged conduct. *United States v. Burwell*, 642 F.3d 1062, 1066 (D.C. Cir. 2011), *reh'g en banc granted, judgment vacated* (Oct. 12, 2011), *opinion reinstated and aff'd*, 690 F.3d 500 (D.C. Cir. 2012) (citing *Huddleston*, 485 U.S. at 690). This is so because the relevance of other-act evidence is conditional on the other act connecting to the defendant and the charged crimes in a way that serves a non-propensity purpose. *Id.*; *see* Fed. R. Evid. 104(b). The government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Huddleston*, 485 U.S. at 689.

If the evidence is probative of a non-propensity purpose, the next question is whether it is admissible under Rule 403. *Clarke*, 24 F.3d at 264. The "strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." *Huddleston*, 485 U.S. at 690 n.6. Likewise, the availability and probative utility of available "evidentiary alternatives" must inform the "probative value" of evidence under Rule 403. *Old Chief*, 519 U.S. at 184 (noting the advisory committee notes to Rule 403 state the "availability of other means of proof" is an appropriate consideration); *see also* Fed. R. Evid. 404, advisory committee's notes (referring to "the availability of other means of proof" as an

important consideration under Rule 403); *Linares*, 367 F.3d at 946–48 (holding prior-act evidence inadmissible when the asserted purposes—knowing possession and absence of mistake—were not at issue).

### *b. Proposed exhibits which are inadmissible as they violate FRE 404(b) and 403.*

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 505 | Photograph of Mr. Al-Marimi identified by Libyan law enforcement officer. | Photograph depicts Mr. Al-Marimi behind a bar and in a jail jumpsuit for another criminal case. |

## VII. Hearsay.

### *a. Relevant law.*

Hearsay is an out-of-court statement that a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is inadmissible unless permitted by a federal statute, the Federal Rules of Evidence, or some other applicable authority. Fed. R. Evid. 802. When a statement constitutes "hearsay within hearsay . . . each part of the combined statements" must conform to an exception to the hearsay rule to be admissible. Fed. R. Evid. 805.

### *b. Proposed exhibits that are inadmissible as they constitute impermissible hearsay.* [4]

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 202 – 210 | Photographs of crash site, divided by sector. | Written summaries of photos, included in each exhibit, are hearsay. |
| 211 | Photographs of pieces of luggage container. | Tags included in the photographs include statements about what the item purportedly is |

[4] Some objections may be resolved upon further disclosure of the government's witnesses.

| | | |
|---|---|---|
| | | and where it was recovered. |
| 213 | Pieces of recovered metal and debris. | Tags included in final photograph include statements about what the item purportedly is and where it was recovered |
| 217<br>218 | Map of sectors | Map purports to show recovery of evidence at particular locations. |
| 303 | AAIB report | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 304.001-003 | Diagrams of plane | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 305 | Feraday RARDE Examination Notes | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 306 | Interim FAI Report | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 307 | Feraday Folder Notes | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 308 | Spectra Printouts | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 310 | Report on Test Explosions | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 302.348 | Photograph of “MEBO” circuit board diagram | Handwritten notes indicate “MEBO,” which is an out of court |

| | | |
|---|---|---|
| | | statement, about the origins of the timer.. |
| 313.000 | Handwriting report. | The report constitutes hearsay because these are the expert's out of court statements offered for the truth of the matter asserted. The expert can testify about his conclusions and the bases for his conclusions, and use his report to refresh his recollection if needed. |
| 506<br>506-t | Law enforcement officer statement to Scottish law enforcement. | These statements constitute hearsay because they are out of court statements offered for the truth of the matter asserted. To the extent that the government seeks to introduce particular statements as prior consistent statements, the government can seek to elicit individual statements on redirect after Jamal's credibility is attacked on cross-examination. |
| 602 | OPK/Box – full file | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 605 | OPK/Rinde – full file | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 606 | typed report from Rinde file | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |

| | | |
|---|---|---|
| 607 | handwritten report from Rinde file | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 610 | Masud & Shadi MfS cards | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 803 | Air Malta weekly flight schedule | The document contains out of court statements, and the government has not yet shown it meets the requirements of the business records exception. |
| 824-863<br>870 | Maltese Embarkation and Disembarkation Records | These immigration records are out-of-court statements offered to prove the truth of the matter asserted — namely, the identity, nationality, and travel history of the declarant — so, the Government must establish that they qualify under a recognized exception, including whether they constitute business records under FRE 803(6) or public records under FRE 803(8) prior to admission. |
| 867 | Fhimah diary | The writing contained in the exhibit constitutes hearsay because they are out of court statements offered for the truth of the matter asserted. |
| 901<br>902<br>909 | Megrahi's Czech visa | The contents of visas and visa applications are hearsay as they contain out of court statements offered for the truth of |

| | | |
|---|---|---|
| | | the matter asserted, namely, that the bearer was authorized to travel to and enter a particular country during a particular period |
| 1002<br>1021<br>1023<br>1025<br>1027<br>1029<br>1030 | Frankfurt airport and airline documents | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 1108-1120 | Heathrow airport and airline documents | Without a sufficient witness or foundation, the documents constitute inadmissible hearsay. |
| 1303<br>1306<br>1307<br>1308<br>1309 | Japanese (Toshiba) documents | The owner's manual, sales summary, address list, and handwritten notations contained within or appended to these documents are out-of-court statements. The printed business documents may qualify as business records with the proper foundational testimony, but the handwritten notations constitute a separate layer of hearsay requiring their own independent exception, as the author, timing, and circumstances of those notations have not been established. |
| 1400 Series | Senegalese documents | These foreign law enforcement records are out-of-court statements offered to prove the truth of the matter asserted — namely, that items were |

| | | |
|---|---|---|
| | | seized, that certain persons were arrested, fingerprinted, interrogated, transferred and released, and that seized items were destroyed. They do not qualify as public records under FRE 803(8) because that exception expressly excludes records prepared by law enforcement personnel in criminal investigations. |
| 1503<br>1505<br>1507-1512<br>1518<br>1521-4<br>1526-7<br>1532-3<br>1535-6<br>1540-1545<br>1547-1548<br>1557 | Swiss documents (MEBO) | These assorted business documents are out-of-court statements offered to prove the truth of the matter asserted, and the government has not identified an applicable hearsay exception for each document or category of document. The government seeks to introduce these documents through a law enforcement witness, and Mr. Al-Marimi maintains that such witness cannot serve as a custodian or qualified witness required to lay business records foundation. Similarly, the law enforcement reports are expressly excluded from the public records hearsay exception. |
| 1549-1556; 1558-1578 | Swiss Documents (Travel) | Visa applications and hotel registrations are out-of-court statements offered to prove the truth |

| | | |
|---|---|---|
| | | of the matter asserted — namely, the identity, travel intentions, and lodging history of the declarant. |
| 1921-1926 | Passports | The contents of these passports are hearsay because they are out-of-court statements offered for the truth of the matter asserted. |

## VIII. Accuracy.

### *a. Relevant law.*

An interpreter's written translation is an out-of-court statement that can create another layer of hearsay. *See Bihani v. Obama*, 662 F. Supp. 2d 9, 21–25 (D.D.C. 2009) (treating interpretations as a layer of hearsay). Generally, interpretations of a defendant's own statements are not hearsay because courts regard the interpreter as a "language conduit" for the defendant. *Barhoumi v. Obama*, 609 F.3d 416, 430 (D.C. Cir. 2010); *see Al-Bihani v. Obama*, 590 F.3d 866, 879 (D.C. Cir. 2010) (noting the translation of party-opponent admissions "does not affect their status" as non-hearsay) (citing *United States v. Da Silva*, 725 F.2d 828 (2d Cir. 1983)).

The language-conduit rule does not apply where the facts of a case cast significant doubt on the accuracy of the translation. *Barhoumi*, 609 F.3d at 430; *see also Da Silva*, 725 F.2d at 832 (describing circumstances that tend "to negate an inference of agency" between the declarant and the interpreter, including "demonstrated incompetence on the part of the translator"); *Bihani*, 662 F. Supp. 2d

at 23–24 (examining reliability issues with interpretations). Thus, the accuracy of a translated statement is critical to the translation's reliability and admissibility.

### *b. Proposed exhibits which are inadmissible as they fail to accurately translate the underlying documents.*

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 502<br>502-t<br>502-tr | Full packet of materials from Libya | The defense has raised the issue of translation errors as to these documents in separate briefing, and the government must show that its translations are accurate on the disputed points before the documents can be admitted. |
| 865-t | Fhimah diary | The defense has raised the issue of translation errors as to these documents in separate briefing, and the government must show that its translations are accurate on the disputed points before the documents can be admitted. |

## IX. Reserved objections for exhibits not yet received

### *a. Argument*

Mr. Al-Marimi reserves his right to object to the proposed exhibits below, as they have not yet been provided to the defense.

| Exhibit Number or Series | Description | Objection |
|---|---|---|
| 400 Series | Map of Libya, Photograph(s) of Qaddafi, recorded speeches (subject to Court's Rule 403 ruling) | Reserving objection until received from government. |
| 911 | Travel Summary Exhibit | Reserving objection until received from government |
| 1304 | Toshiba summary exhibit | Reserving objection until received from government |

## CONCLUSION

Mr. Al-Marimi requests that the Court grant this motion and issue the requested pretrial evidentiary rulings.

Respectfully submitted,

**ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI**

By: ________/s/____________________
Whitney E.C. Minter
Va. Bar #47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)