**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-cr-392 (DLF)** |
| **v.** | : | |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**PRETRIAL ORDER**

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial in this case in the most efficient manner, it is hereby ORDERED that counsel will comply with each of the following procedures and requirements.

1.    Trial. Jury selection will commence on **August 26, 2026, at 9:00 a.m.,** in Courtroom 24. The following deadlines shall govern pretrial proceedings:[1]

2.    For any deposition, ordered under Fed. R. Crim. P. 15, which is scheduled to begin on or after February 1, 2026:

a. Three weeks before the first scheduled day of any such deposition, the parties shall file any motions *in limine* with respect to that deposition;

b. Responses to any such motions *in limine* shall be due two weeks before the first scheduled day of any such deposition;

c. Replies shall be filed no later than one week before the first scheduled day of any such deposition; and

---

[1] For convenience, this Order contains some dates that have already been calendared.

d. The Court will aim to hold a hearing on any such motion the week before the deposition is scheduled to begin.  Any attorneys who are traveling at the time the hearing is set may appear remotely.[2]

3.    On or before May 12, 2026, the government shall provide any rebuttal expert notice regarding cell phone examination. The defendant shall provide any updated notice on or before June 15, 2026. The parties shall file any motions in limine regarding the proffered experts in digital forensics on or before June 30, 2026; the parties shall file responses on or before July 14, 2026; and the parties shall file any replies on or before July 21, 2026.

4.    By May 13, 2026, the parties shall exchange proposed stipulations. Responses to any proposed stipulations shall be provided by June 11, 2026.

5.    By May 22, 2026, the government shall provide any additional fingerprint, Arabic-language translation, or handwriting case-in-chief expert notice pursuant to Fed. R. Crim. P. 16(a)(1)(G).  The defendant shall provide any responsive fingerprint expert notice no later than July 17, 2026.  The defendant shall provide any responsive handwriting expert notice no later than July 10, 2026.

6.    The parties shall file any motions to exclude and/or limit fingerprint expert testimony on or before July 24, 2026.  Responses shall be filed by July 31, 2026, and replies shall be filed by August 4, 2026.

7.    The parties shall file any motions to exclude and/or limit handwriting expert testimony on or before July 17, 2026.  Responses shall be filed by July 24, 2026, and replies shall be filed by July 27, 2026.

---

[2]    If either party identifies, based on materials received less than three weeks from the beginning of a deposition, issues that they believe should be briefed ahead of the deposition, the parties shall meet and confer and propose a joint, compressed briefing schedule on those issues.  If any of the dates described in this paragraph fall on a holiday, all corresponding dates are pushed one business day later.

8.    By June 9, 2026, the defense shall provide any explosives expert notice pursuant to Fed. R. Crim. P. 16(a)(1)(G).  The government shall provide any further rebuttal expert notice no later than June 23, 2026.

9.    By June 12, 2026, the parties shall provide the Court a joint status report, informing the Court whether an agreement has been reached regarding the translations identified in the [460] Notice and [462], [465] sealed attachments.

10.  By June 12, 2026, the defendant shall file a supplemental brief regarding defense expert Dr. Cutler. The government shall file any response on or before June 26, 2026.

11.  The government shall file any motions to exclude and/or limit responsive explosives expert testimony on or before June 23, 2026.  Responses shall be filed by July 2, 2026, and replies shall be filed by July 10, 2026.

12.  The defense shall file any motions to exclude and/or limit rebuttal explosives expert testimony on or before July 9, 2026.  Responses shall be filed by July 20, 2026, and replies shall be filed by July 28, 2026.

13.  On July 16, 2026, the parties shall appear for a hearing on motions *in limine* regarding trial exhibits and any motions for live video testimony.  In advance of that hearing, the parties shall:

a.    File any motions *in limine* based on those exhibit lists, including any motions to admit Rule 15 depositions or portions thereof at trial, by June 8, 2026;

b.    File any responses to such motions *in limine* by June 19, 2026; and

c.    File any replies by June 26, 2026.

14.  By July 24, 2026, the government shall file a motion pursuant to CIPA Section 4.[3]

15.  By July 30, 2026, the parties shall jointly file the full text of all standard jury instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. In addition, the parties shall

---

[3]    There is pending litigation on CIPA issues and the government expects there might be a need for CIPA § 6 hearing.

(1) redline any proposed modifications to the standard instructions; (2) propose any nonstandard jury instructions with legal authority; (3) note any objections to the proposed instructions (standard and nonstandard) with supporting legal authority.

16.   During the week of August 3, 2026, the parties shall appear for a hearing on motions *in limine* related to issues other than exhibits. In advance of that hearing, the parties shall:

    a.    the government will provide opposing counsel a preliminary witness list for trial no later than June 29, 2026[4];

    b.    File any motions *in limine* by July 13, 2026;

    c.    File any responses to such motions *in limine* by July 22, 2026; and

    d.    File any replies by July 27, 2026.

17.   By August 3, 2026, the government shall make any disclosures required by the Jencks Act (18 U.S.C. § 3500) and *Giglio v. United States*, 405 U.S. 150 (1972) for the witnesses it anticipates calling in its case-in-chief.

18.   By August 10, 2026, the parties shall file a Joint Pretrial Statement that contains the following:

    a.    A neutral statement of the case. The parties shall include a neutral statement of the case for the court to read to prospective jurors.

    b.    Voir dire.

    c.    Witness lists. The government and the defense, if so ordered, shall identify the witnesses that each side anticipates it may introduce in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

---

[4]    As with the preliminary exhibit lists, the parties will not be barred from making reasonable additions to their preliminary witness lists as trial preparations progress.  The Court will decide, at a later date, when the defense must provide its preliminary witness list to the government.

d.   List of other relevant persons. The parties shall identify any persons who are not witnesses but whose names are likely to arise at trial, so that the Court may ensure no jurors have disqualifying relationships with or knowledge about such persons.

e.   Updated exhibit lists. The government and the defense, if so ordered, shall exchange updated exhibit lists and shall exchange any new or amended exhibits. The parties shall exchange digital copies of pre-marked exhibits.

f.   Stipulations. The Parties shall submit a draft of all stipulations.

g.   Proposed verdict form. The Parties shall include a draft verdict form, including any special interrogatories.

19.  On August 17, 2026, the parties shall appear for a final pretrial conference.

Signed: June 9, 2026                    DABNEY L. FRIEDRICH
                                        United States District Judge