**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO**
**GOVERNMENT'S SUPPLEMENTAL MOTION TO ADMIT RECORDS OF REGULARLY CONDUCTED ACTIVITY**

The defendant, Abu Agila Mohammad Mas'ud Kheir Al-Marimi, respectfully submits this response to the Government's Supplemental Motion to Admit Records of Regularly Conducted Activity, ECF 490.

## I. The Court Should Decline to Admit Records of Regularly Conducted Activity.

### a. Czech Visa Documents (901, 902).

Mr. Al-Marimi incorporates by reference all arguments previously set forth in his prior responses and briefing regarding the government's attempts to admit foreign records pursuant to 18 U.S.C. § 3505, including arguments concerning the inadequacy of the government's certifications and the foundational requirements of that statute. *See* ECF Nos. 173, 229, 255, 459.

As to the government's latest supplement regarding Exhibits 901 and 902, Mr. Al-Marimi reasserts that certifications 901-c and 902-c remain facially deficient for the reasons previously articulated—namely, they fail to establish with sufficient specificity the certifying witness's (V.S.'s) tenure in the relevant role, preventing the Court from assessing whether that witness's familiarity with the applicable record-

keeping practices is genuine. The addition of a second set of certifications (901-c2 and 902-c2) from N.M. does not cure the deficiency. A foundationally incomplete certification is not rehabilitated by the presence of a second certification that itself omits detail required under § 3505; neither certification provides the level of detail necessary, as the defense has argued in the past, and both state without support that the records "are" in the custody of the Foreign Border and Police Service despite being produced from Scotland.

Mr. Al-Marimi further notes an additional deficiency specific to Exhibit 902: the production number identified on the face of the exhibit (CP777) does not match the production numbers referenced in either certification (both 902-c and 902-c2 identify CP775 and CP776). This discrepancy raises a fundamental question as to whether the certifications actually correspond to the document the government seeks to admit and independently undermines admissibility under § 3505. If the foreign certifications do not speak to "such record" as the government seeks to admit, the statute's requirements are not met. 18 U.S.C. § 3505(a)(1).

With respect to the government's alternative argument under the Ancient Documents Rule, Fed. R. Evid. 803(16), Mr. Al-Marimi maintains that authenticity cannot be established through circular reliance on the very certifications that remain contested under § 3505, and that the government has not otherwise independently authenticated Exhibits 901 and 902 as required by the Rule. By the government's logic, each document is "in a place where, if authentic, it would likely be" (the Scottish evidence collection) simply because law enforcement collected it and waited. Fed. R.

Evid. 901(8)(b); *see* Fed. R. Evid. 803(16). Nothing connects the various documents sought to be admitted as ancient other than their general age and law enforcement's view that they were worth preserving for the investigation and eventual prosecution of Pan Am 103. This is not the same as finding a property deed in a local government's file cabinet, where the purpose of the "place" establishing authenticity is independent from a particular criminal investigation.

**b. Swiss Visa Document (1552).**

Mr. Al-Marimi incorporates by reference all arguments previously set forth in his prior responses and briefing regarding the government's attempts to admit foreign records pursuant to § 3505, including arguments concerning the inadequacy of the government's § 3505 certifications. *See* ECF Nos. 173, 229, 255, 459.

The Court has already declined to admit records from this same set—including related Swiss visa materials—under the public records exception. The government now seeks admission of Exhibit 1552 as a foreign record of regularly conducted activity under § 3505, relying on a certification executed by the same individual (A.K.) who previously certified these records under the public records exception. While the new certification purports to track the language of § 3505, the fact that the same certifier has now been recycled under a new theory does not cure the foundational deficiencies Mr. Al-Marimi has previously identified. Mr. Al-Marimi reasserts all arguments previously set forth in his briefing regarding the inadequacy of the government's § 3505 certifications.

With respect to the government's alternative argument under the Ancient Documents Rule, Mr. Al-Marimi preserves his objection that the government has not

independently established the authenticity of Exhibit 1552 as required by the Rule, and that it may not satisfy that requirement through circular reliance on the very certifications that remain contested under § 3505.[1]

**c. Maltese Staff Deployment Sheet (866).**

Mr. Al-Marimi incorporates by reference all arguments previously set forth in his prior responses and briefing regarding the government's attempts to admit foreign records pursuant to 18 U.S.C. § 3505, including arguments concerning the inadequacy of the government's § 3505 certifications, and reasserts those arguments here. *See* ECF Nos. 173, 229, 255, 459.

With respect to the government's alternative argument under the Ancient Documents Rule, Mr. Al-Marimi preserves his objection that the government has not independently established the authenticity of Exhibit 866 as required by the Rule, and that it may not satisfy that requirement through circular reliance on the contested § 3505 certification.[2]

**d. FAA Registration Documents**

Mr. Al-Marimi does not dispute that the FAA registration file may be self-authenticating under Rule 902(1) and (2), nor that FAA records generally may qualify as public records under Rule 803(8) or business records under Rule 803(6).

---

[1] Mr. Al-Marimi assumes it is a typographical error that the government's supplemental motion states the documents were prepared before January 1, 1988, as it references the correct threshold of January 1, 1998 elsewhere and these documents were purportedly created after 1988.

[2] The same apparent typographical error—1988 instead of 1998—appears in this section of the government's motion as well. Mr. Al-Marimi notes the document purports to be dated December 21, 1988, which is not in fact "before January 1, 1988[.]" ECF 490, at 7.

Mr. Al-Marimi reserves the right to object to specific portions of Exhibit 1801 to the extent they contain double hearsay, or out-of-court statements embedded within the FAA file that were made by persons outside the FAA and incorporated into the file without independent verification. *See, e.g.*, Exh. 1801, at 26, 30, 54, 58, 108, 110, 176, 178 (notarizations); at 287 ("received" stamp). Where the FAA record merely reflects information supplied by a registrant or applicant, that embedded statement constitutes a separate layer of hearsay not covered by Rules 803(6) or 803(8) and is inadmissible absent an independent exception or exemption. *See* Fed. R. Evid. 805.

Mr. Al-Marimi further notes that Exhibit 1801 is 301 pages and contains content that is irrelevant and otherwise inadmissible as to Mr. Al-Marimi specifically. Mr. Al-Marimi respectfully requests that the Court require the government to identify with particularity which portions of the exhibit it intends to rely upon, and reserves the right to object to specific pages or entries accordingly.

**II. The Government's Reliance on the Ancient Documents Exception May Implicate Mr. Al-Marimi's Constitutional Rights.**

The more the government relies on supposed "ancient documents" that were collected by police and locked in a vault until they are admissible under that hearsay exception—and until they cannot be robustly investigated due to the passage of time—the greater the infringement on Mr. Al-Marimi's constitutional right to due process and a fair trial. *See Estelle v. Williams*, 425 U.S. 501, 503-04 (1976) (courts must "be alert to factors that may undermine the fairness of the fact-finding process" and rely "on reason, principle, and the common human experience" in safeguarding due process). The defense reserves the right to raise this challenge at an appropriate

time once the full extent of the evidence admitted as ancient documents is known.

## CONCLUSION

The Court should decline to admit Exhibits 866, 901, 902, 1552 and 1801.

Respectfully submitted,

**ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI**

By: ________/s/______________________
Whitney E.C. Minter
Va. Bar # 47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)