**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22CR392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO LIMIT THE TESTIMONY OF JERRY TAYLOR**

The government has moved to limit Mr. Al-Marimi's proposed expert testimony from Jerry Taylor in the field of explosives and related topics.  Specifically, the government has moved to exclude testimony regarding training of explosives experts.  This Court should permit his full testimony, as he is qualified to testify in this area and because it will assist the jury in understanding the evidence and facts at issue in this case.

**ARGUMENT**

I.     **Standard on Admissibility Pursuant to Federal Rule of Evidence 702**

It is critical to recognize that while Rule 16 was amended to require greater specificity, this is merely the means by which a party provides notice about what their expert will testify to.  It does not determine whether particular expert testimony is admissible.  That is governed by Rule 702 of the Federal Rules of Evidence and that rule has not been modified to prevent the sort of background or

educational expert testimony that is offered here.  The proper analysis, therefore, begins with FRE 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education May testify in the form of an opinion or otherwise if:
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)    the testimony is based on sufficient facts or data;
> (c)    the testimony is the product of reliable principles and methods; and
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court emphasized that Rule 702 requires district courts to perform a critical "gatekeeping" function concerning the admissibility of expert scientific [and technical] evidence. *See Daubert*, 509 U.S. at 588; *Kumho*, 526 U.S. at 152.

## II.    Mr. Taylor can testify as an expert to educate the jury about explosives and explosives investigation and does not have to testify in the form of an opinion.

As discussed above, a witness who has been qualified as an expert can testify in the form of an opinion *or otherwise.*  In considering this issue, the District Court in the District of New Mexico relied on both the plain language of the rule and the related committee notes in finding that "a party may use an expert to present background information to the jury, which need not be based on personal knowledge or applied to the facts of the case":

> Rule 702 explicitly allows an expert witness to testify "in the form or an opinion *or otherwise*," thus indicating that

experts may do more than offer opinions. The Advisory Committee Note to Rule 702 specifically endorses use of an expert to offer background information to educate the jury: "Most of the literature assumes that experts testify only in the form of opinions. The assumption is logically unfounded. The rule accordingly recognizes that an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts." *See United States v. Mulder*, 273 F.3d 91, 102 (2d Cir. 2001) (expert may present background information to help jury understand issues); 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6263 & n.32 (1997 & Supp. 2012) (experts may describe recognized principles, provide general background, or simply explain other evidence). The Government's criticism that the testimony of Defendant's expert witnesses would not be specifically applied to the facts of this case is not a basis for exclusion: "[I]t might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case. For example, experts might instruct the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports, without ever knowing about or trying to tie their testimony into the facts of the case. The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles." Rule 702 advisory committee's note to 2000 amendment.

*United States v. McCluskey*, No. CR 10-2734 JCH, 2013 WL 12334168, at *13–14 (D.N.M. Apr. 29, 2013). The Court went on to list common examples of expert witnesses whose testimony served to educate the jury about a particular field, rather than express an opinion about the facts of the case, including testimony from law enforcement officers regarding drug trafficking.[1] *Id.*

---

[1] "A law enforcement officer testifying about the modus operandi of drug dealers is a common example of background information presented to educate the jury. 4 Weinstein &

This reasoning is sound and supported by other logical interpretations of Rule 702: "Thus, while experts may testify as to an opinion, they may also give test results, describe recognized principles of their specialized knowledge, provide general background, or simply explain other evidence." Wright & Miller, *Fed. Prac. & Proc.* § 6263. An expert, therefore, can educate the jury about the subject matter at issue, but leave its members to apply that information to the facts of the case:

> [T]he witness could give the jury a lecture or exposition about an expert methodology (a technique or theory) without attempting to apply the technique or theory to the facts.[7] Federal Rule of Evidence 702 states that a qualified expert may testify in the form of "an opinion or otherwise." The Advisory Committee's Note explains that the drafters included "or otherwise" in the text of Rule 702 to signal that "an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact" or another expert "to apply them to the facts" of the case.

§ 12. Expert witnesses: Overview of necessity, proper subjects for expert testimony, reliability, and qualifications, 1 McCormick On Evid. § 12 (9th ed.)

Mr. Taylor can properly testify to educate the jury about the practice of explosives investigation, the training and education that is standard in the field, and the proper role of an investigator in an explosives case. He is not required to

---

Berger, *supra*, § 702.04[1][c], at 702-58. For instance, an expert may be used to testify that a particular amount of a controlled substance indicates trafficking rather than possession for personal use. *United States v. McDonald*, 933 F.2d 1519, 1521 (10th Cir. 1991); *see also United States v. Orr*, 692 F.3d 1079, 1102 (10th Cir. 2012) (Holloway, J., concurring and dissenting) (scientific discourse about fuel testing was proper matter for expert testimony); *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123-24 (10th Cir. 2006) (concluding that "[e]xpert evaluation of eyewitness testimony—in the abstract" Taylor be admissible in limited circumstances)." *McCluskey* at *14.

give an opinion in order to educate the jury.  Indeed, the government proposes to do exactly that in its expert notice for Alison Pargeter, which relates the areas of Libya's history that Ms. Pargeter will testify about.[2]

### III.    The expert notice provided complies with the requirements of Rule 16.

The 2022 amendment to Rule 16"requires a complete statement of all opinions the expert will provide, but does not require a verbatim recitation of the testimony the expert will give at trial." Fed. R. Crim. P. 16, Advisory Comm. Notes to 2022 Amend.

> While the prior version of the Rule allowed for a more generalized statement of the expert's opinion and bases for them, the amended version requires something more specific. *See* <u>Fed. R. Crim. P. 16</u>. Under the prior version <u>Rule 16</u>, the notice required a "written summary" of the expert's opinions, while the amended version requires "a complete statement" of the expert's opinions. *Id.* advisory committee's note to the 2022 amendment. On its face, it is clear that the expert notice under the amended Rule must be more specific than a generalized summary but less specific than an expert report in a civil case. *See* <u>Fed. R. Crim. P. 16</u> advisory committee's note to the 2022 amendment. The Court concludes that to be sufficient under <u>Rule 16</u> as amended, a Notice must clearly state what opinions the expert will give and the bases for those opinions, such that the notified party can discern what opinions the expert holds, why the expert holds those opinions, and how those opinions relate to the facts of the case. *See id.*

*United States v. Vaughan*, No. CV 4:22-CR-00162, 2025 WL 844363 (E.D. Tex. Mar. 18, 2025).

---

[2] Admittedly, Mr. Al-Marimi's notice referred to "Mr. Taylor's Opinions."  The areas noted, however, clearly indicate testimony to educate the jury in the area of explosives, as opposed to specific conclusions about the facts of this case.

Given the recency of the amendment, few courts have defined what constitutes sufficient notice, post-amendment.    In *United States v. Crutcher*, the notice stated the expert:

> "will testify regarding his education, certification, training, and professional experience,' 'basic concepts in the medical field" and "methodologies he employed in his analysis and any other area that is within his area of expertise," his examination, diagnosis and treatment of the victim.

2025 WL 3190599 at 2 (D. Nev. 2025).  The notice also declared he would testify consistent with particular documents from the case. *Id.* (finding that the notice did not comply with Rule 16 because "the description of [his] testimony is broad, and the substance of his opinions cannot be discerned from this notice.")

This is very different from Mr. Taylor's 14-page declaration, 10 pages of which are devoted to his proposed testimony.  Here, the defense has not provided a summary.  A full seven pages of Mr. Taylor's notice are devoted to the background information that he will provide on the stand.  It provides a complete statement of what his testimony would be and the government has sufficient notice to prepare for his testimony and cross examination.

Mr. Taylor's expert notice meets the standard laid out in Rule 16, but, even if it did not, exclusion is not the appropriate remedy.  "Rule 16 grants the district court substantial discretion in dealing with a violation of a discovery order." *United States v. Hammoud*, 381 F.3d 316, 336 (4th Cir. 2004), *cert. granted, judgment vacated*, 543 U.S. 1097 (2005), *opinion reinstated in part*, 405 F.3d 1034 (4th Cir. 2005). In determining what sanction, if any, is appropriate for a discovery violation,

courts weigh the reason for the failure, whether it was intentional or in bad faith, the degree of prejudice to the opposing party, and whether any less severe sanction will provide an adequate remedy. *Id.* (citing *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997)).

For any violation of disclosure obligations under Rule 16, "[c]ourts should impose the least severe remedy available to cure [any] prejudice." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (internal quotation marks omitted). Exclusion or suppression of testimony is viewed "as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct[.]" *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995); *Hammoud* at 336 (the court must impose the least severe sanction that will provide adequate punishment and secure future compliance, and continuance is the preferred sanction).

IV.    **Mr. Taylor's testimony as an expert in the area of explosives and explosives investigation is relevant in a case where an explosive incident is alleged to have occurred and the government has introduced its own explosives expert.**

*Daubert* establishes that Rule 702 focuses on two threshold inquiries: reliability and relevance. *Daubert*, 509 U.S. at 590-591. The "relevance" component requires the court to find that the proposed testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.*

Evidence is relevant if it has *any tendency* to make a factor more or less probable. Fed. R. Evid. 401 (emphasis added); *Daubert*, 509 U.S. at 587 (quoting Rule 401, and describing Rule 401's standard for relevance as "a liberal one"). And expert testimony must be demonstrated to be "more likely than not that…[the testimony]

will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

Here Mr. Taylor's testimony will clearly help the jury to understand the complicated nature of explosives and explosives investigations, as well as what constitutes training to engage in those investigations. The defense concedes that Mr. Taylor was not trained in the United Kingdom. But that does not render his testimony irrelevant. This case has been brought in the United States and the jury must be convinced that the testimony that they are provided is based o suitable expertise. If the fact finders do not believe that an expert's training, education, practices or methodology are sufficient, they are entitled to discredit that testimony. The standards applied in the United States may not be controlling and failure to comply with them may not result in *per se* exclusion of expert testimony. But the practices of other, qualified explosives experts are certainly relevant for a jury to consider, as it weighs the actions and conclusions of the government's expert witness.

Mr. Taylor's knowledge, skill, experience, training, and education in this field will allow the jury to understand the technical aspects of explosives and an explosive event. It will assist them in understanding how an investigation into an explosives event should be conducted and who should conduct it. And, armed with that information, they can evaluate the government's evidence in this case to decide whether witnesses and evidence in this case are reliable and what weight to give them. Mr. Taylor's expertise, therefore, is highly relevant in case that centers around an explosion.

8

## CONCLUSION

Mr. Taylor is an expert in the field of explosives and explosives investigation. His offered testimony will assist the jury by educating them in this area. For these reasons, it should be fully admitted at trial.

Respectfully submitted
By Counsel,
Geremy C. Kamens,
Federal Public Defender

By: _____/s/_____
Whitney E.C. Minter
Va. Bar # 47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia   22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia  23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)
