**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**MR. AL-MARIMI'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO TERRORISTS OR TERRORISM**

Abu Agila Mohammad Mas'ud Kheir Al-Marimi moves *in limine* to exclude references to terrorism and terrorists. The government has charged Mr. Al-Marimi with aiding and abetting the destruction of an aircraft resulting in death under 18 U.S.C. §§ 32 and 34. *See* ECF No. 7. Neither statute includes in its elements the words "terrorist" or "terrorism". Neither statute requires any finding of fact as to a state sponsor of terror or proof of acts called "terrorism". The words "terrorist" and "terrorism" are thus not relevant under Federal Rule of Evidence 401. Further, because the unduly prejudicial nature that the words "terrorist" and "terrorism" carry substantially outweighs any probative value of those words in this case, the Court should prohibit the government and its witnesses from using the words "terrorist" or "terrorism" at the trial under Federal Rule of Evidence 403.

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Relevance also requires that "the fact is of consequence in determining the

action." Fed. R. Evid. 401; *see also Old Chief v. United States*, 519 U.S. 172, 178 (1997). Under Rule 402, evidence that is not relevant shall be excluded from a trial. *See United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016) ("Of course, the general rule in our trial courts is that relevant evidence is admissible and irrelevant evidence is inadmissible.").

Even if information is relevant, it should nevertheless be excluded under Rule 403 if its prejudicial effect outweighs its probative value. Specifically, Rule 403 states that "the court may exclude relevant evidence if its probative value is substantially outweighed by one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The United States Supreme Court has defined "unfair prejudice" as evidence that "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013); *see also United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990) (finding abuse of discretion to admit evidence that the defendant fit profile of a drug courier during trial for possession of a firearm, and observing that unfair prejudice has also been characterized as "the possibility that the evidence will excite the jury to make a

decision on the basis of a factor unrelated to the issues properly before it.") (quoting *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).

Courts have previously excluded references to the words "terrorist" and "terrorism" under Rule 403. In *United States v. Odeh*, No. 13-CR-20772, 2014 WL 5473042, at *1 (E.D. Mich. Oct. 27, 2014), the defendant, a Jordanian citizen, was charged with a naturalization offense for failing to disclose she was a member of the National Front for the Liberation of Palestine ("PFLP") and convicted of crimes on their behalf when applying for a visa and naturalization. She was previously tried and convicted in an Israeli military court of several bombings resulting in the death of civilians as part of the PFLP. *See id.* At the time the defendant completed her applications, the PFLP was not a designated terrorist organization, but subsequently was so designated. *See id.* at *9.

The defense moved to exclude any reference to the defendant as a "terrorist" or that she was a member of a terrorist group or involved in "terrorist activities." *Id.* at *8. The government argued that the terms "terrorist" and "terrorism" were directly related to the elements of materiality and procurement and that "[i]t is precisely because the United States considered the PFLP a terrorist organization that defendant's conviction for membership in that organization was material to USCIS." *Id.*

The Court granted the defendant's motion *in limine* and excluded references to terrorism at trial. *See id.* The court reasoned that such terms are "highly

prejudicial and will have an undue tendency to improperly influence the jury's verdict by appealing to its fears of terrorists and terrorist activities." *Id.* It explained that, "[w]hile the Court agrees that past membership in an organization presently designated a terrorist organization would have been material to USCIS, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice to the Defendant." *Id.*

The court went on to state that "[t]he Government's suggestion that the terms 'terrorist' and 'terrorism' will not improperly influence the jury because those terms are used by Congress in the Immigration and Nationality Act is without merit. These terms are highly prejudicial and create a danger of improperly influencing the jury's verdict. The Government will still be able to establish the elements of materiality and procurement without using these terms." *Id.* at *10.

Other courts have recognized that these words matter under Rule 403, particularly in high profile cases that involve associations with perceived terrorists. *See, e.g.*, *United States v. Al-Moayad*, 545 F.3d 139, 165–66 (2d Cir. 2008) (vacating convictions where jury heard "inflammatory, highly charged" testimony about terrorism and "the defendants were charged with conspiring to, attempting to, and providing material support to Hamas and al-Qaeda, but not with violent terroristic acts"); *United States v. Elfgeeh*, 515 F.3d 100, 127 (2d Cir. 2008) (explaining that "[t]here can be little doubt that . . . evidence linking a defendant to terrorism in a trial in which he is not charged with terrorism is likely to cause undue prejudice" where

witness testified about moving "money from the United States to Yemen for terrorist causes"); *United States v. Amawi*, 541 F. Supp. 2d 945, 950–51 (N.D. Oh. 2008) (holding that even if testimony about terrorism "had some probative value, the risk of unfair prejudice substantially outweighs any such probative value" because "[f]ew terms have a greater inherent risk of prejudgment than terrorism, terrorist"); *United States v. Mostafa*, 16 F. Supp. 3d 236, 264–67 (S.D.N.Y. 2014) (excluding various evidence related to terroristic acts); *United States v. Benkahla*, 530 F.3d 300, 310 (4th Cir. 2008) (describing testimony about terrorism as "alarming"); *United States v. Felton*, 417 F.3d 97, 103 (1st Cir. 2005) (noting that "terrorists" is a "provocative term, freighted with images of terrible events").

In this case, the statutes Mr. Al-Marimi is charged with violating do not use the words terrorist or terrorism and do not require proof of the same. It would therefore be "highly prejudicial and create a danger of improperly influencing the jury's verdict" for the government and its witnesses to be able to use the words "terrorist" and "terrorism" in the trial. *Odeh*, 2014 WL 5473042, at *10.

The Court should grant this motion in limine and preclude the government and its witnesses from using the words "terrorism" and "terrorist" at trial under Rules 401 and 403.

Respectfully submitted,
**ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI**

By: ________/s/______________________
Whitney E.C. Minter
Va. Bar # 47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
laura_koenig@fd.org (email)