# Pan Am 103 conspiracy

- **Admissible under Rule 801(d)(2)(A)**
- Defense does not contest that this is "independent evidence." ECF 497 at 10-11

## Defendant's Statement

- Summoned to **Senussi**'s office
- **Senussi** asked if suitcases are ready
- Ordered to take suitcase to Malta to meet **Fhimah** and **Megrahi**
- Defendant took suitcase to Malta
- **Fhimah** and **Megrahi** met him in Malta
- **Fhimah** and **Megrahi** instructed defendant to arm bomb
- Defendant carried out **Megrahi's** and **Fhimah's** instructions
- Defendant saw **Fhimah** and **Megrahi** at airport morning of bombing.
- **Fhimah** signaled for suitcase
- **Fhimah** put suitcase on belt
- **Senussi** thanked participants
- **Qaddafi** congratulated participants

- Not factual "assertions" offered for truth.
- If offered for truth, admissible under Rule 801(d)(2)(E).

= Unchallenged on this issue

= Challenged as hearsay within defendant's statement

= Challenged as hearsay within ESO witness's testimony

### Expert Pargeter ECF 363-1

- **Qaddafi** vowed revenge against USA
- **Senussi** was head of ESO
- **Rashid** was senior ESO
- **Rashid** vowed revenge against USA

### Fhimah's diary:

- Note about meeting **Megrahi** Ex. 867-t p. 41
- Note to get "taggs" Ex. 867-t, p. 41

### Other Documents

- Defendant and **Senussi** test explosives in suitcases Ex. 1204, 1206, 1201-t, p. 7, 9

## ESO Witness

- **Senussi** was head of ESO
- **Megrahi** was head of airline security
- **Fhimah** possessed explosives
- **Fhimah** said explosives came from Megrahi
- **Rashid** asked about unaccompanied suitcase to England and ordered him to look into it
- **Megrahi** said "don't rush things"
- **Megrahi** and **defendant** came to Malta

- Not factual "assertions" offered for truth.
- If offered for truth, admissible under Rule 801(d)(2)(E).

### Travel Records

- **Megrahi, Fhimah**, Defendant overlapped in Malta 824-847; Tunstall Tr. 90-98
- **Megrahi** travel paid by Libya 905, 908
- Defendant and **Megrahi** returned to Tripoli 12/21/88 820, 829, 837; Tunstall Tr. 103-105

### Forensics

- Plane was bombed *E.g.*, Ex. 301, Tunstall Tr. 115
- Suitcase placed in Malta Exs. 701-718, 864; Tunstall Tr. 112-115
- Radio Ex. 301, Tunstall Tr. 115-16, Honda Testimony
- Clothes from Malta Ex. 301, Tunstall Tr. 100-01, Ex. 701-718

### MEBO witness (foreign depo 2)

- Timers were for Libya
- **Rashid** ordered timers
- **Megrahi** did business on Libya's behalf

# La Belle Discotheque conspiracy

- **Admissible under Rule 801(d)(2)(A)**
- Defense does not contest that this is "independent evidence." ECF 497 at 10-11

- Not factual "assertions" offered for truth.
- If offered for truth, admissible under Rule 801(d)(2)(E).

## Defendant's Statement

- **Rashid** ordered defendant to go to East Germany.
- Defendant traveled to East Germany with Shadi.
- **Keshlaf** was waiting for them at airport.
- **Keshlaf** ordered defendant to prepare bomb.
- Defendant was prepared for task because he understood **Rashid**'s travel orders meant a job like this.
- **Keshlaf** provided materials: explosive substance, detonator, timer.
- Defendant prepared bomb.
- Defendant instructed **Keshlaf** in bomb's operation.
- **Keshlaf** informed Defendant bomb was handed off
- **Keshlaf** nodded when news of La Belle bombing was broadcast.

## Expert Pargeter (ECF 363-1)

- **Qaddafi** threatening death against anyone who entered Gulf of Sidra.
- U.S. military assets enter Gulf, Libya engages and loses planes.
- La Belle bombing shortly thereafter.
- **Rashid** was a "head" of the ESO and had authority to commit any operation abroad

## Stasi archives:

- Libyan government requested visas for defendant and Shadi for time of bombing and time of **Rashid's** travel order. **Ex. 603, p.6**
- **Keshlaf** made visa request for Mar-Apr '86 on behalf of Libyan embassy **Ex. 603, p.6**
- Defendant and Shadi present in East Berlin at time of bombing. **Ex. 608, 608-t**
- Defendant and Shadi flew back to Libya ~10 days after bombing. **Ex. 611**

## Victim / First Responder

- Nightclub popular with US servicemembers
- Explosion damage consistent with Defendant's description

## German Trial Verdict

- Bombing planned by Libyan secret service and the Libyan Embassy

= Unchallenged on this issue (green)

= Challenged as hearsay within defendant's statement (pink)

# Cover-up Conspiracy

(**not** implicit – formed by overt orders from Senussi and compliance by subordinates)

- **Admissible under R. 801(d)(2)(A)**
- Defense does not contest that this is "independent evidence." ECF 497 at 10-11

## Defendant's Statement

- Senussi took his passport
- Senussi ordered him not to travel
- Defendant understood purpose was to prevent him from falling into hands of a foreign power

- Not a factual "assertion" offered for truth
- If offered for truth, admissible under R. 801(d)(2)(E)

## ESO Witness

- Fhimah conveyed Senussi's order not to leave Libya
- Fhimah seemed upset

- If offered for truth, admissible under R. 801(d)(2)(E)

## Expert Pargeter

- Could testify that Libya refused to turn over Megrahi and Fhimah for trial

= Unchallenged on this issue

= Challenged as hearsay within defendant's statement

= Challenged as hearsay within ESO witness's testimony