**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** ▮▮▮▮
▮▮▮▮▮▮▮▮

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's motion to compel the government to produce a document referred to as an ▮▮▮▮▮▮▮▮▮▮  At the time the defense filed its motion, the documents were not in the government's possession.  The government has since obtained the documents from the Scottish authorities and provided them to the defense. Accordingly, the Court should deny the motion as moot.  The government provides the below summary and analysis to provide the Court background on the defendant's request, the government's response, and the relevance of the file.

**FACTS**

The defendant has only recently challenged the authenticity of his statement to the Libyan authorities.  Indeed, in his initial motion to suppress that statement, he claimed that the statement was genuine, stating that he was directed to sign a piece of paper that contained a confession to the La Belle Discotheque and Pan Am Flight 103 attacks.  *See generally* ECF 556 at 3-5 (laying out history of litigation over authenticity of defendant's statement).  Jamal testified at his deposition that he conducted his interviews of ESO operatives, which included the defendant, in

the fall of 2012, and the Court has before it no contrary evidence (nor is the government aware of any).

2

████████████████████████████████████████████████████████████████

████████████████████████████████████

    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

The defense requested a copy of the ████████████████    When the defendant requested the file, the government reached out to the Scottish authorities and inquired whether they would be willing to provide the file.  While those authorities stated that they were not willing to provide the entire file, as they considered it to be work product, they did agree to provide a summary that the government could share with the defense.  It shared that summary on July 21, 2026.  The government also shared with defense a list of dozens of items contained within the file that had already been produced in discovery. The government has since had additional discussions with the Scottish authorities and explained the defense's proffered need for the file, and the Scottish authorities have agreed provide the government with a copy of it and to authorize the government to provide a copy to the defense under the protective order in this case.  While the government disagrees with the defense regarding the relevance of the ████████, and it maintains that it

3

was not required to produce the file under Rule 16 or any other authority when it was not in U.S. government possession, the government is now in possession of that file and has provided it to defense counsel, in English and Arabic, earlier today.

## ARGUMENT

Federal Rule of Criminal Procedure 16 requires the government to produce, among other things, items that are material to the preparation of the defense if those items are "within the government's *possession, custody, or control.*" Rule 16(A)(1)(E) (emphasis added). "[T]he government cannot be required to disclose evidence that it neither possesses nor controls." *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998). The government has taken reasonable steps to obtain the information the defense seeks from Scotland, and it has done so (and disclosed the information to the defense). As detailed above, that file ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████████████ It moreover was provided to Libya after Jamal took the defendant's statement. It thus has extremely little relevance to the defendant's contentions about the provenance of his incriminating statements to Jamal, but the government has nonetheless sought authority to provide it to the defense and it has done so. The defendant's motion is moot.

The defense separately pushes a broader point in its motion that deserves a response. Without citation, the defense claims, "there is no question the United States and Scotland are cooperating such that the actions of Scottish authorities are equally constrained by the U.S. Constitution." ECF 549-2 at 9. That unsupported assertion sweeps far too broadly. The government has no duty to obtain and disclose documents held by international partners, even

when it is in a joint international investigation with those partners.  *See United States v. Mitrovic*, 95 F. 4th 1064, 1070 (7th Cir. 2024); *United States v. Lee*, 723 F.3d 134, 141 (2d Cir. 2013) ("Indeed, we have made it abundantly clear that, even in the course of a joint investigation undertaken by United States and foreign law enforcement officials, the most the Jencks Act requires of United States officials is a good-faith effort to obtain the statements of prosecution witnesses in the possession of the foreign government") (cleaned up).  As the Seventh Circuit noted in *Mitrovic*:

> A contrary ruling would impose an unrealistic burden. Requiring U.S. prosecutors to produce all material and responsive documents held by foreign partners would expand their duty to produce beyond their capacity to obtain. To comply with Rule 16, prosecutors would be compelled to produce documents that they do not possess, cannot acquire, have not confirmed exist, and—because Rule 16 is triggered by merely a preliminary showing of materiality—may not even matter to the defendant's case. Rule 16 imposes no such duty.

95 F. 4th at 1070 (internal citations omitted).

The holdings of *Mitrovic* and *Lee* are consistent with the precedent cited by the defendant. The defense relies on *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992), but *Brooks's* holding was simply that the prosecution was required to inquire whether the Metropolitan Police Department possessed any of the information the defense requested.  *See id.* The D.C. Circuit specifically declined to hold that the government was required to go further, even given the unique relationship between the U.S. Attorney's Office for the District of Columbia and the Metropolitan Police Department.  *See id.* ("We think it highly relevant that defense counsel pinpointed files that can be searched without difficulty—police investigations into the death of Christie Hoyle. The defendant was not asking the U.S. Attorney's office to examine some sprawling mass of records"). The relationship between USAO-DC and MPD is also much closer than the relationship between the U.S. and Scotland in this case, even assuming *arguendo* that the latter proceeded with a joint

investigation prior to a U.S. prosecution.  As the D.C. Circuit noted, USAO-DC has a unique relationship with the local police department among U.S. Attorney's Offices, as it prosecutes both federal and local crime, in federal and local courts.  *See id.*  That level of closeness is not present in the relationship between the United States and Scotland.

Regardless, the government has requested from Scotland the material the defense seeks, and the government has now provided that material.  Making that request was the most that was required by *Brooks*, *Mitrovic*, *Lee,* and the other cases cited by the defendant (if anything was required at all), and the government has fulfilled its obligations in that regard.  The defendant's motion is moot, and the defense contention that the actions of Scottish law enforcement are constrained by the U.S. Constitution is neither legally nor factually supported.  The defendant's motion should thus be denied.

**CONCLUSION**

For the above reasons, the defendant's motion to compel should be denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   */s/ Erik Kenerson*
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-7201 // Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530