**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION REGARDING RULE 613(B) AND FORGETFUL WITNESSES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Position Regarding Rule 613(b) and Forgetful Witnesses. ECF No. 647 ("Def.'s Br."). Although the defendant does not seek a pretrial ruling, he asks the Court to adopt his view that "when a witness testifies at trial that he or she cannot remember prior statements," the Court should treat such failure to recall "as an inconsistency and permit the admission of extrinsic evidence to impeach the witness." Def.'s Br. at 4. Because the defendant's position oversimplifies what is, in fact, a discretionary and fact-intensive analysis, the government submits this pleading to provide the Court with an overview of the legal framework governing impeachment of a forgetful witness.

This issue primarily implicates two Federal Rules of Evidence: Rule 613(b) and Rule 801(d)(1)(A). Rule 613(b) provides that:

> [u]nless the court orders otherwise, extrinsic evidence of a witness's prior inconsistent statement may not be admitted until after the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it.

Rule 801(d)(1)(A) excludes from the definition of hearsay a declarant's prior statement where:

> [t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition.

Thus, as a general matter, "Federal Rule of Evidence 613(b) permits impeachment of witnesses with prior inconsistent statements and Federal Rule of Evidence 801(d)(1)(A) provides that such statements may also be introduced for their truthfulness if they were given under oath in a prior legal proceeding." *United States v. Lashmett*, 965 F.2d 179, 181 (7th Cir. 1992); *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) ("Prior inconsistent statements are generally admissible for impeachment purposes only, *see* Fed. R. Evid. 613, and are inadmissible hearsay for substantive purposes unless they were made at 'a trial, hearing, or other proceeding, or in a deposition.'" (quoting Fed. R. Evid. 801(d)(1)(A)). Rules 613(b) and 801(d)(1)(A) both "permit extrinsic proof of the inconsistency—as long as the declarant is given an opportunity to 'explain or deny' the inconsistent statement under Rule 613(b), and as long as the declarant is available for cross-examination under Rule 801(d)(1)." *Lashmett*, 965 F.2d at 181–82.

However, the Rules differ in a fundamental way. Whereas Rule 801(d)(1)(A) permits the substantive admission of the prior inconsistent statement, Rule 613(b) focuses only on witness credibility and thus limits extrinsic proof to that purpose. *See, e.g.*, *United States v. Winchenbach*, 197 F.3d 548, 558 (1st Cir. 1999) (Rule 613(b) permits cross-examiner "to show the discrepancy by extrinsic evidence if necessary—not to demonstrate which of the two is true but, rather, to show that the two do not jibe (thus calling the declarant's credibility into question)" (collecting cases)); *United States v. Severson*, 49 F.3d 268, 272 (7th Cir. 1995) ("Rule 613(b) is not an exception to the hearsay rule, and extrinsic evidence is admissible under Rule 613(b) only for purposes of impeachment."); 1 Kenneth S. Broun et al., *McCormick on Evidence* § 34 (4th ed. 1992) ("The

theory of attack by prior inconsistent statements is not based on the assumption that the present testimony is false and the former statement true but rather upon the notion that talking one way on the stand and another way previously is blowing hot and cold, and raises a doubt as to the truthfulness of both statements.").

According to the defendant's brief, "[w]hen a witness says something different at trial than she said previously, there is an obvious inconsistency." Def.'s Br. at 2.[1] The defendant paints with too broad a brush. Indeed, "[a] witness truly suffering from memory loss gives testimony that is different from, but not necessarily inconsistent with, a prior statement in which the witness possessed a clearer recollection." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6744 (2026 ed.). Thus, where a witness testifies to a present inability to recall an event, the majority view is that a prior statement concerning the event is inconsistent with the present failure to recall only if the Court finds that the failure to recall is feigned and not genuine. *See, e.g.*, *United States v. Shillingstad*, 632 F.3d 1031, 1037 (8th Cir. 2011) (under Rule 613(b), "[w]here a witness in good faith asserts that she cannot remember the relevant events, the trial court may, in its discretion, exclude the allegedly prior inconsistent statement"); *United States v. Mornan*, 413 F.3d 372, 379 (3d Cir. 2005) (explaining that while "a prior statement should not be admitted if the witness's current memory loss regarding that statement is genuine, we join several other circuits in holding that a prior statement may be admitted under Rule 801(d)(1)(A) where the witness's memory loss is not genuine" and rejecting challenge to district court's conclusion that memory loss purportedly caused by minor traffic accident was not genuine); *United States v.*

[1] Government counsel has, likewise, been unable to locate D.C. Circuit authority on the admissibility of extrinsic evidence where a witness is merely forgetful. *See* Def.'s Br. at 3 n.2. In the government's view, the absence of binding D.C. Circuit caselaw makes this issue less than "clear." *Id.*

*Knox*, 124 F.3d 1360, 1364 (10th Cir. 1997) ("A well-settled body of case law holds that where a declarant's memory loss is contrived it will be taken as inconsistent with a prior statement for purposes of applying Rule 801(d)(1)(A)." (collecting cases)). To distinguish genuine and feigned claims of memory loss, courts consider common-sense factors like the length of time between the prior statement and the trial testimony; whether the event is significant enough that a person would likely not forget it; available explanations for genuine memory loss, such as a head injury or substance use; and any unsuccessful efforts to refresh the witness's recollection with the prior statement that suggest the witness's intransigence. *See* Wright & Miller, *Federal Practice and Procedure* § 6744 (citing authorities).

A related issue arises under Rule 613(b) when a witness testifies to an inability to remember not an underlying event but the making of a prior inconsistent statement about the event. Indeed, Rule 613(b) expressly concerns the use of extrinsic evidence to prove that the witness made the prior inconsistent statement when certain conditions are met. If the witness denies having made the prior inconsistent statement, extrinsic proof is permitted, whether in documentary form or through another witness's testimony. *See United States v. Libby*, 475 F.Supp.2d 73, 97–98 (D.C. Cir. 2007) (permitting introduction of extrinsic evidence under Rule 613(b) where evidence was found only after the witness testified, but where the witness was available to be recalled to explain or deny); *United States v. Yarrington*, 634 F.3d 440, 448 (8th Cir. 2011) (witness's denial that he made any statements about event allowed extrinsic proof of prior inconsistent statement under Rule 613(b)). If, however, the witness testifies that he or she cannot remember making the prior inconsistent statement, it once again falls to the trial court to exercise its discretion in determining whether the claimed lack of memory is genuine or feigned. *See, e.g.*, *United States v. Brown*, 788 F.3d 830, 834 (8th Cir. 2015) (trial court did not abuse discretion in excluding prior inconsistent

statement under Rule 613(b) where court reasonably determined lack of recollection was genuine, and defense made no effort to refresh recollection); *United States v. Fernandez*, 914 F.3d 1105, 1112–13 (7th Cir. 2019) ("[I]f, instead of either acknowledging or denying his prior statements, [witness] had continued to profess a lack of recollection, then it would have been up to the district judge to decide whether his professed lapse of memory was genuine," and if court concluded witness "was simply being evasive," extrinsic proof would be permissible); *Shillingstad*, 632 F.3d at 1037 (trial court "reasonably determined that [witness's] claimed inability to recall her statement to the paramedic was genuine, given the evidence that [she] had consumed alcohol on the night in question and suffered significant trauma to her head and leg").[2] And even if the court does determine that a failure to recollect satisfies Rule 613(b)'s requirements for extrinsic proof, the court remains "free to use its informed discretion to exclude extrinsic evidence of prior inconsistent statements on grounds of unwarranted prejudice, confusion, waste of time, or the like." *United States v. Hudson*, 970 F.2d 948, 956 n.2 (1st Cir. 1992) (collecting cases); *see also United States v. Young*, 248 F.3d 260, 268 (4th Cir. 2001) ("[E]ven if all the foundational elements of Rule 613 are met, a district court is not unequivocally bound to admit any or all extrinsic evidence of a prior

[2] The defendant cites (at 3) the Eleventh Circuit's decision in *United States v. Billue*, which held simply, without any additional finding, that where a witness "has failed to remember" making a prior statement, "the making of the statement may be proved by" extrinsic evidence. 994 F.2d 1562, 1565–66 (11th Cir. 1993). Confusingly, the defendant also cites (at 3) the Eighth Circuit's decision in *Brown*, on which the government relies for the proposition that Rule 613(b), like Rule 801(d)(1)(A), incorporates a genuineness requirement. *Billue* concededly is in tension with the more recent decisions from the Seventh and Eighth Circuits cited by the government. But the government's authorities concerning Rule 613(b) are in line with the majority approach to memory lapses under Rule 801(d)(1)(A). Given the parallels between Rules 613(b) and 801(d)(1)(A), the government submits that the decisions on which it relies are more persuasive than *Billue*. *See* Wright & Miller, *Federal Practice and Procedure* § 6203 (stating that "Rule 613 regulates procedures for using prior inconsistent statements offered under Rule 801(d)(1)," and "the latter rule establishes the terms under which such statements are admissible to prove the truth of the matters asserted").

inconsistent statement. Rather, a district court may still exercise its discretion to exclude such evidence[.]”).

In sum, where the court finds that a witness’s claimed lack of memory is feigned, the court may permit the introduction of extrinsic proof of a prior inconsistent statement under Rule 801(d)(1)(A) or Rule 613(b). However, if the court finds that the witness has testified genuinely and in good faith that he or she cannot recall either the event in question or the witness’s prior inconsistent statement about the event, the cross-examining party should not be permitted to introduce extrinsic proof of the witness’s prior statement and should instead be limited to refreshing the witness’s recollection or, if appropriate, proceeding under the hearsay exception for recorded recollections.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: ***/s/ Charles R. Jones***
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
CHARLES R. JONES (D.C. Bar No. 1035541)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-6976 // Charles.Jones3@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530